# Horn & Brannen Manufacturing Company *v.* Steelman, Appellant.

*Practice, C. P.—Referee's report—Opinion of court—Appeal.*

Where the court of common pleas reverses a report of a referee containing findings of fact and conclusions of law, without filing an opinion, and the absence of an opinion leaves the grounds of the decision and especially the facts upon which it is based in such doubt and uncertainty that the appellate court cannot intelligently act, the order of the lower court will be reversed and the record remitted with a procedendo.

Argued Oct. 21, 1903.   Appeal, No. 41, Oct. T., 1903, by plaintiff, from order of C. P. No. 3, Philadelphia Co., Dec. T., 1897, No. 806, M. L. D., sustaining exceptions to referee's report in case of Horn & Brannen Manufacturing Company v. Walter E. Steelman.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Exceptions to report of E. Spencer Miller, Esq., referee.
The opinion of the Superior Court states the case.

*Error assigned* was (2) in sustaining exceptions to referee's report and entering judgment contrary to his recommendation without assigning any reason therefor.

*Richard C. Dale*, with him *Charles A. Lagen*, for appellant. —The action of the court of common pleas in sustaining exceptions to the report of the referee and entering judgment counter to his findings without giving any reason therefor, has been determined to be an arbitrary act of power which in itself is reversible error : Morgan's Appeal, 125 Pa. 561 ; Shattuck v. American Cement Co., 205 Pa. 197.

*Samuel Gustine Thompson*, with him *Walter Willard*, for appellee.

OPINION BY RICE, P. J., January 21, 1904 :
The appellee's counsel are quite right in saying that we ought not to reverse the judgment of the court below and enter

judgment in the defendant's favor on the report of the referee without having the evidence before us. But there is a preliminary question raised by the second assignment of error the proper determination of which does not require an examination of the evidence taken by the referee. To his report, consisting of findings of fact and conclusions of law, and an elaborate and exhaustive discussion of the legal questions arising upon his findings of fact, the following exceptions were filed by the plaintiff: " 1. The learned referee erred in finding: ' In the referee's opinion the date of furnishing is quite immaterial in this connection. Since the contract was made before the act of June 15, 1897, was passed, the plaintiff was bound, prior to the act, to furnish the goods. There is no evidence upon which the referee could find that plaintiff might have asserted a right of stoppage in transitu, or of that nature. No legal significance to advance plaintiff's rights can be given to the fact of a delivery subsequent to the statute, when such a delivery was nothing but a perfunctory fulfilment of a duty previously assumed by the contract made before the statute.'

" 2. The learned referee erred in finding: ' The referee therefore concludes and so reports that the Horn and Brannen Manufacturing Company could not lawfully file against the property described in the lien in this case a mechanics' lien for the materials specified in said lien, under the transactions between that company and Walter E. Steelman, and that judgment should be entered for defendant upon the said lien and the writ of scire facias issued thereon.'

" 3. The learned referee erred in not finding in favor of the plaintiff and in not entering judgment in accordance with such finding." We call special attention to the very general nature of the third exception.

The court, without filing an opinion or indicating in any way the grounds of its decision or the facts upon which it was based, made the following order: " Exceptions sustained. Report of referee reversed and judgment entered for plaintiff."

Whether first, the court determined that upon the facts found by the referee the plaintiff was entitled to judgment; or second, concluded that his finding of fact, namely, that the contract under which the materials were furnished was made before the approval of the act of June 15, 1897, was not war-

ranted by the evidence; or third, in its order reversing the report used the term " reversed " in the sense of annulling, setting aside or vacating, and, after having reversed the report as a whole, based its judgment upon its own findings of fact, as if the case were before it de novo upon the evidence taken by the referee, cannot be determined with certainty by an inspection of the record as made up and brought here.   This uncertainty would have been avoided if the court had indicated the grounds of its decision by an opinion filed, as is the usual practice where the report of a referee, a master or an auditor, consisting of findings of fact and conclusions of law, is reversed or set aside.   There are several reported cases in which the Supreme Court has spoken very plainly upon this subject; among which may be mentioned Griffin's Appeal, 109 Pa. 150, Jeanes's Appeal, 116 Pa. 573, Morgan's Appeal, 125 Pa. 561 and Furth v. Stahl, 205 Pa. 439.   In the last cited case the present chief justice said : " Where the decision of an auditor, referee or other officer acting in a judicial capacity is overruled by the court, justice to the court itself as well as to the officer and the parties, suggests that the reason should be stated."   In Griffin's Appeal, Justice GREEN said : " Such an opinion, besides being required by a just regard to the rights of the parties and to the character and dignity of the proceeding, greatly simplifies the work to be performed by this court, by directing our attention to the very points of difference between the master and the court in the conclusions respectively reached by them."   In Morgan's Appeal the record was remitted to the court below in order that it might place upon the record its reasons for reversing the master.   See also the remarks of Justice BROWN in Shattuck v. American Cement Co., 205 Pa. 197.   We do not say that an opinion must be filed in every case where the report of a referee in favor of the defendant is reversed and judgment is entered for the plaintiff.   The exceptions may be so specific that an order sustaining them will leave no room for doubt that the findings of fact not excepted to were adopted by the court and made the basis of its judgment.   In such a case the filing of an opinion, although much to be desired, must be left, largely, to the sound discretion of the judge.   But where the order reversing the report of referee in the defendant's favor and entering judgment in favor of the plaintiff

leaves the grounds of the decision and especially the facts upon which it was based in such doubt and uncertainty as we have heretofore suggested exist in this case, it is essential to a proper determination of the case upon appeal that they should be stated. We have no doubt that when the attention of the learned court below is called to this omission and to its materiality, it will cheerfully correct it and place upon the record its reasons for reversing the referee or, at least, will indicate the grounds upon which its judgment for the plaintiff is based.

The second assignment of error is sustained and for the reasons suggested in the foregoing opinion the judgment is set aside and the record remitted with a procedendo.