## Jones, Appellant, v. Red Men's Fraternal & Accident Association of America.

*Insurance—Health insurance—Condition in policy—Beneficial association.*

1. Where a policy of insurance issued by an insurance company to a member of the Order of Red Men provides that "indemnity shall be payable only for such period of time as the member shall be certified by his tribe as being disabled and under the care of his tribe, and visited by his relief committee," no recovery can be had upon the policy where it appears that the insured had not been certified by his tribe as being disabled or visited by his relief committee, and that the insured had deliberately refrained from notifying his tribe of his disability.

*Practice, C. P.—Referee's report—Exceptions—Failure to file opinion.*

2. An order of the court of common pleas setting aside an auditor's report in favor of a plaintiff will not be reversed because the court failed to file an opinion indicating whether it differed from the referee on his findings of fact or his conclusions of law where the defect in the plaintiff's case is obvious.

Argued March 2, 1914. Appeal, No. 2, March T., 1913, by plaintiff, from order of C. P. Lackawanna Co., March T., 1907, No. 924, sustaining exceptions to referee's report in case of John H. Jones v. The Red Men's Fraternal & Accident Association of America. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Exceptions to report of referee.
The opinion of the Superior Court states the facts.

*Error assigned* was in setting aside the report of the auditor.

*Charles H. Soper,* for appellant.—When the common pleas reverses the report of the referee containing the findings of fact and conclusions of law, it should file an opinion indicating the grounds of its decision; and

if it reverses without an opinion, and the absence of an opinion leaves the grounds of the decision, and especially the facts upon which it is based, in such doubt and uncertainty that the appellate court cannot act intelligently, the judgment of the lower court will be reversed and record be remitted with a procedendo: Horn & Brannan Manuf. Co. v. Steelman, 24 Pa. Superior Ct. 126; Griffith's App., 109 Pa. 150; Jeanes's App., 116 Pa. 573; Morgan's App., 125 Pa. 561; Furth v. Stahl, 205 Pa. 439.

*Will Leach,* for appellee.

OPINION BY HEAD, J., July 15, 1914:

In this action the plaintiff seeks to recover a sum of money alleged to be due to him as sick benefits during a period of disability following an accidental injury suffered by him. The case was first tried before a referee who filed a report, with specific findings of fact and conclusions of law, directing the entry of a judgment in favor of the plaintiff for the amount claimed. A number of exceptions to the various findings both of fact and law were filed by the defendant. After argument the learned common pleas made the following order: "The exceptions filed by the defendant to the report of the referee are sustained and the report of the referee set aside." No opinion accompanied the order indicating the grounds on which it rested. The learned counsel for appellant argues in his brief that the above quoted order, from which he appeals, should be set aside for the reason, if for no other, that the learned court failed to indicate whether he differed from the referee on his findings of fact or on the legal conclusions drawn from the facts found, and cites a number of cases in support of his position. They are all reviewed and analyzed in Horn Mfg. Co. v. Steelman, 24 Pa. Super. Ct. 126. An examination of these cases will readily show that the mere failure, on the part of the court, to file an

opinion does not in and of itself necessarily affect the integrity of the judgment or order entered. Where, as in the record before us, it is manifest there is an inherent weakness in the plaintiff's case which must prevent a recovery, the appellate courts, even without the aid of an opinion of the court below, may with propriety assume it was because of such defect in the plaintiff's case the judgment or decree appealed from was entered.

The record before us shows the plaintiff rests his claim on a beneficial certificate issued by the defendant, setting forth with much detail, the circumstances under which and the conditions on which the beneficiary will be entitled to receive the indemnity or relief therein provided. At the time the plaintiff applied for and received his certificate, as well as at the time he suffered the injury complained of and during the period of his resultant disability, he was a member of Niagara Tribe No. 434 of the Improved Order of Redmen. Although the certificate issued by the defendant does not in terms declare that the beneficiaries in that class are confined to members of the Improved Order of Redmen, there is a strong implication to that effect. However that may be, the certificate itself states, as one of the material conditions on which the liability of the defendant depends, the following, viz.: "Indemnity shall be payable only for such period of time as the member shall be certified by his tribe as being disabled and under the care of his tribe and visited by his relief committee, etc." It is apparent at a glance that compliance with the requirements of this condition, is of the first importance to the defendant. There is thus interposed between it and possible trivial or fraudulent claims, the barrier of the vigilance of the local tribe and its relief committee and there is thus secured to it a measure of protection against claims of which it would be otherwise deprived. No hardship or injustice is done to any applicant for benefits under such a certificate by re-

quiring him first of all to make his injury known to his brethren of his own tribe or lodge and demand such care or relief from them as his relation to the lodge might warrant.  If no one were concerned in such application but himself, he might, if he chose, neglect to make it. But when he is advised by the very terms of the certificate on which he sues that he must put himself in a position to affirm to the defendant that he has complied, or at least made an honest effort to comply with the conditions of his certificate, he cannot complain that his refusal to perform results in the release of the other contracting party.

It clearly appears from the plaintiff's own testimony that his failure to comply with the condition named was willful and deliberate and not the result of any oversight merely, as the following brief quotation will disclose: "Q. When you took out this insurance policy you were a member of the Improved Order of Redmen, were you not?  A. Yes, sir.  Q. Now during the time that you were hurt, were you attended by the relief clerk?  A. No, sir.  Q. Did you notify the tribe? A. No, sir.  It was only a new tribe just started up, and it is something I did not believe in anyhow.  Q. Were you under the care of the tribe?  A. No, sir. Q. In the claim it appears you were not under the care of the tribe while sick?  A. No.  I cut the tribe out. I did not notify them at all."  The only reason which the referee was able to assign for the entry of a judgment in favor of the plaintiff, notwithstanding his refusal to comply with one of the important conditions on which his right to indemnity rested, is thus stated: "The referee, having found that there was no evidence that the tribe of Redmen to which the plaintiff belonged exercised any supervisory care over its members or extended relief in the way of benefits or indemnity, concludes that condition No. 4, as found in said policy, could not be invoked by the defendant for the purpose of avoidance of its liability under this policy."  Of course

the local tribe could do nothing until it had been advised of the injury to the plaintiff. The fallacy of the conclusion reached by the learned referee under the facts is, as we view it, too apparent to require discussion.

We are of opinion the plaintiff has failed to show a legal claim under the conditions imposed on him by the certificate on which he sues and as a consequence the learned court below reached a correct conclusion in sustaining the exceptions and setting aside the report.

The order or decree sustaining the exceptions to the referee's report and setting aside the said report is affirmed. The costs of this appeal to be paid by the appellant.