### DELAHUNTY v. CANFIELD (two cases).

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

1. MOTIONS—NOTICE REQUIRED.
    Under general rule of practice No. 37, and irrespective of the rule, plaintiff was entitled to notice of an application by defendant for an order staying proceedings until the determination of an appeal by defendant from the denial of a motion to consolidate the action with another.

2. SAME—JURISDICTION.
    Code Civ. Proc. § 769, provides that a motion on notice in an action in the Supreme Court must be made within the judicial district in which the action is tried, or in a county adjoining that in which it is triable, except that where it is triable in the First Judicial District the motion must be made there. *Held* that, where actions between the same parties were pending in the county of New York, the Canastota Special Term had no authority to grant an order staying the proceedings in one of the actions until the determination of an appeal from a denial of a motion to consolidate the actions.

Appeal from Special Term, New York County.

Action by John Delahunty against Richard A. Canfield. From an order denying a motion to vacate an ex parte order staying proceedings until the determination of an appeal from the denial of a

motion by defendant to consolidate the action with another, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

S. Hanford, for appellant.

Thomas J. Keenan, for respondent.

PER CURIAM. The defendant moved to consolidate these actions, the venue of which was the county of New York. The motion was denied, and he appealed to this court. Pending the appeal, without notice to the plaintiff or his attorney, the defendant applied to and obtained from the Canastota Special Term an order staying all proceedings in action No. 1 until the hearing and determination of the appeal. The plaintiff thereupon moved, upon notice at the New York Special Term, to vacate this order. The motion was denied, and the plaintiff has appealed.

The motion to vacate should have been granted. The order which the plaintiff asked to have vacated was obtained without notice, and in disregard of rule 37 of the general rules of practice, which required notice. Dupignac v. Van Buskirk, 44 Hun, 45. And irrespective of the rule, the plaintiff was entitled to be heard before an order could be made which indefinitely stayed the prosecution of the action. Notice of the application for the order should have been given, and, this being so, the motion should have been made at the New York Special Term, in which county the actions were triable, and not at the Canastota Special Term. The Code of Civil Procedure so provides. Section 769. The section cited provides that:

"A motion upon notice [and this one should have been upon notice] in an action in the Supreme Court must be made within the judicial district in which the action is triable or in a county adjoining that in which it is triable, except that where it it triable in the First Judicial District the motion must be made in that district."

If the defendant desired and thought he was entitled to a stay of proceedings, he should have made his motion returnable at the New York Special Term, and upon notice. Not having done so, but instead having applied ex parte to the Canastota Special Term and obtained such order, the plaintiff was entitled to have it vacated.

The order appealed from therefore must be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs.