CORA G. COHEN, Plaintiff, *v.* SAMUEL W. MANN, Defendant.

Supreme Court, Albany Special Term, March, 1922.

Practice — motion to vacate notice to examine defendant must be made within judicial district or in an adjoining county — Rules of Civil Practice, rule 63.

Where no motion for a change of the place of trial of an action brought in the Supreme Court in the county of New York has been made, a motion to vacate a notice of the taking of the testimony of the defendant in the county of Albany, where he resides, must, under rule 63 of the Rules of Civil Practice, be made in the county of New York or in an adjoining county, and if made at a Special Term held in Albany county the motion to vacate will be denied but with leave to renew.

MOTION to vacate a notice to take testimony under section 290 of the Civil Practice Act.

*Hartman, Sheridan & Tekulsky,* for plaintiff.

*John H. Rea (John J. McManus,* of counsel), for defendant.

NICHOLS, J. The venue of this action is laid in New York county and the defendant has answered. No motion has been made to change the place of trial.

Plaintiff's attorneys gave notice to the defendant's attorney of the taking of testimony of the defendant before a referee in the county of Albany, in which county the defendant resides.

The defendant makes this motion to vacate the notice for the examination, at the Albany Special Term.

The plaintiff objects to the motion being heard at the Albany Special Term under rule 63 of the Rules of Civil Practice which provides:

" 1. A motion on notice in an action in the supreme court must be made within the judicial district in which the action is triable or in a county adjoining the county in which it is triable."

The defendant claims that inasmuch as the defendant resides in the county of Albany and the examination was noticed before a referee in Albany county, the motion is properly made at the Albany Special Term, and in support of that contention cites *Matter of Backus*, 91 App. Div. 266; affd., 179 N. Y. 571, on the prevailing opinion of the court below.

The *Backus* case was a special proceeding instituted to punish a judgment debtor for a refusal to testify in proceedings supplementary to execution before a referee in Rensselaer county where the judgment debtor resided and the order for the examination made by a Rensselaer county judge. The order appealed from was granted at a Special Term held in New York county and punished the judgment debtor for failure to answer questions before a referee. This order was reversed by the Appellate Division on the ground that the same was improperly made in New York county, and the decision was affirmed by the Court of Appeals.

" We think that the proceeding to determine whether a person has been guilty of a public or criminal contempt by reason of his conduct in connection with the prosecution of a civil action or special proceeding, and which is instituted by a warrant of attachment or an order to show cause, is a civil special proceeding and not a criminal one." *Matter of Hanbury*, 160 App. Div. 662.

The Appellate Division in *Matter of Backus, supra*, says: " Under the provisions of the Code in relation to these supplementary proceedings, a proceeding to examine a judgment debtor has to be instituted in the county in which the judgment debtor resides, * * * and, when that proceeding was there instituted all subsequent applications to enforce an order in that proceeding must be in that proceeding and must be determined in the county in which it was instituted. As that proceeding is still pending, the judgment debtor can only be punished by an application made in that proceeding."

Therefore, *Matter of Backus, supra*, is not an authority upon

this question, it relating solely to a special proceeding which by statute must be instituted in the county in which the judgment debtor resides. In the case at bar, had the defendant appeared before the referee and refused to be examined pursuant to the notice, a motion to punish him for a contempt would have to have been instituted in the third judicial district, he being a resident of Albany county; but by section 291 of the Civil Practice Act, it provides for a motion to vacate or modify, which is an ordinary motion in the action and must be made according to rule 63.

Rule 63 of the Rules of Civil Practice was formerly section 769 of the Code of Civil Procedure. In the case of *Delahunty* v. *Canfield*, 106 App. Div. 386, the court said: "Notice of the application for the order should have been given, and this being so the motion should have been made at the New York Special Term (in which county the actions were triable) and not at the Canastota Special Term. The Code of Civil Procedure (§ 769) so provides."

It, therefore, follows that the motion to vacate the notice for examination should have been made in New York county and was improperly made in the third judicial district. That being the case, it is unnecessary to discuss the question as to whether or not the defendant can properly be examined before trial.

The motion must be denied, with ten dollars costs, with leave, however, to renew the motion at the proper Special Term.

Ordered accordingly.