## APPEAL OF SAMUEL MORGAN ET AL.

[MIRKIL v. MORGAN ET AL.]

FROM THE DECREE OF THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY, IN EQUITY.

Called April 15, 1889—Ordered April 15, 1889.

[To be reported.]

(*a*) The findings of a master in a proceeding by bill in equity were reversed by the court below upon exceptions filed thereto, without an opinion or a line to indicate upon what grounds or for what reason the reversal was made.

1. To reverse a master's findings without assigning any reason therefor, is simply an act of arbitrary power and practically leaves his findings in full force.

2. To review a case on appeal, under such circumstances, would be the equivalent of hearing it upon the exceptions to the report, without the intervention of the court below, which this court will decline to do.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and MITCHELL, JJ.

No. 230 January Term, 1889, Sup. Ct.; court below, No. 362 September Term 1885, C. P. No. 4 in Equity.

On September 23, 1885, John Mirkil filed against Samuel Morgan, George Evans and John D. Grover, a bill in equity charging them with the erection and maintenance of a nuisance to the injury of the plaintiff, and praying for an injunction, and for a decree awarding damages. Answers having been filed by the defendants, on December 26, 1885, the court appointed *Mr. James P. Townsend*, examiner and master.

On December 1, 1887, the master made a report, reviewing at length the testimony which had been adduced before him, and, finding that it was not certainly proved that the injuries complained of by the plaintiff were caused by the negligence or unlawful conduct of the defendants, and that the result of the proofs in the case was to leave the matter at best in a doubtful state, he recommended a decree dismissing the plaintiff's bill with costs.

To this report the plaintiff filed sixteen exceptions, inter alia, the following:

" 1. The master erred in finding that the plaintiff's bill should be dismissed.

" 2. The master erred in reporting that the plaintiff's bill should be dismissed, with costs.

" 3. The master erred in not recommending a decree for the complainant, with costs.

" 4. The master erred in not awarding damages against the defendants."

The said exceptions having been overruled by the master were renewed before the court, and after argument, the court, THAYER, P. J., without any opinion filed, made the following decree:

" Now, June 15, 1888, ordered that exceptions 1, 2, 3 and 4 filed by the complainant be sustained, and that the case be referred back to the master to report what damages have been sustained by the complainant, and to report a proper decree in favor of the plaintiff and against defendants ; both parties to be allowed to produce any additional evidence upon the subject of damages which the master may consider to be material and proper."

On October 6, 1888, the master made a supplemental report setting out that having considered the testimony of the witnesses called upon the subject, he had ascertained the damages resulting to the plaintiff from water from the defendants' mill, to be fully covered by an award to him of the sum of $250, and reported a form of decree.

To this report both the plaintiff and the defendants filed exceptions. These exceptions being overruled by the master, they were renewed in the court and after argument, the court, THAYER, P. J., without opinion filed, entered the following decree:

" Now, December 8, 1888, exceptions dismissed, and it is ordered and decreed:

"1. That the respondents and each of them be perpetually enjoined and restrained from suffering or permitting the escape of water from the factory, in the bill described, into the prop-

erty of the complainant, No. 1921 East Huntingdon street, adjoining the same, to the injury thereof.

" 2. That the said respondents pay to the said complainant the sum of two hundred and fifty dollars damages.

" 3. That the respondents pay the cost of the cause."

Thereupon the defendants took this appeal, assigning errors.

*Mr. R. O. Moon* (with him *Mr. Arundel*), for the appellants, was stopped by the court.

OPINION, MR. CHIEF JUSTICE PAXSON:

When this case was called for argument it was discovered that the court below had entered what was practically a pro forma decree. The findings of the master had been reversed without an opinion or a line to indicate upon what grounds or for what reason the reversal had taken place.

To reverse a master's findings without assigning any reason, is simply an act of arbitrary power, and practically leaves his findings in full force. To hear a case under such circumstances would be the precise equivalent of hearing it upon the exceptions without the intervention of the court below. This we decline to do. It is the duty of that court to give us all the assistance it can, especially in view of the crowded condition of our list, and the heavy labor involved in the disposition of it. These remarks apply with peculiar force to equity cases, where, as here, there is a master's report, and a large amount of testimony. Every such case is entitled to the careful consideration of the Court of Common Pleas in which it is heard, and we should have the views of the learned judge, who decided it, upon the facts and the law. This is useful and desirable in all cases : it is absolutely essential where the master is reversed by the court. We have time and again sent cases back where a pro forma decree has been entered, and as this is the equivalent of a pro forma decree it must take the same course.

We have no doubt the omission in this instance was through inadvertence on the part of the court below, and that when the attention of the learned judge who heard the case is called to it, he will cheerfully correct it, and place upon the record his reasons for reversing the master.

Let the record be sent down for that purpose.