# Kelly *v.* Donnelly.

*Equity—Equity practice—Death of chancellor after report filed—Passing upon exceptions.*

To "pass upon" exceptions to the report of a judge who has tried an equity case, within the meaning of the equity rules, implies a decision after due consideration of the questions properly raised by them. This rule may not be waived by the parties.

Where a judge who has tried an equity case, dies after his report has been filed, the other judges of the court have no power to enter a decree in accordance with the report without hearing and passing upon the exceptions filed. The reason given that the judges did not care to review findings of their deceased brother, is not a sufficient warrant to justify such practice.

Argued Jan. 17, 1901. Appeal, No. 28, Jan. T., 1901, by defendant, from decree of C. P. Lackawanna Co., May T., 1899, No. 1, on bill in equity in case of Ellen C. Kelly v. James F. Donnelly. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Reversed.

Bill in equity to restrain the construction of a fence.

The case was heard by GUNSTER, J. After a hearing and after a report had been filed in favor of complainant, Judge GUNSTER died. Exceptions were filed to the report. At the time fixed for the argument of the exceptions, the other judges suggested that no argument should be made before them, as they did not care to review findings of their deceased brother, and directed that a decree in accordance with the findings be prepared by complainant's attorney. In accordance with the suggestion of the court, no argument was made on the exceptions, and a decree was entered for complainant.

*Error assigned* was the decree of the court.

*Thomas P. Duffy* and *George M. Watson*, for appellant.

*W. S. Huslander*, for appellee.

OPINION BY RICE, P. J., February 14, 1901:

The rules of equity practice as adopted and amended by the Supreme Court provide that a trial in equity shall be conducted, as nearly as may be, as a trial at law is conducted; that if exceptions be filed to the findings of the judge who conducted the trial, they shall be heard upon the argument list as upon a rule for new trial; and the judge or court in banc shall have power to sustain or dismiss any of such exceptions and confirm, modify or change the decree accordingly: Rule 66. In case of the death of the trial judge this duty devolves upon the other judges of the court. "Upon appeal to the Supreme or Superior Court such matters only as have been so excepted to and finally passed upon by the court shall be assignable for error:" Rule 67. The power to enter a pro forma decree overruling or sustaining the exceptions is not recognized by the rules. To "pass upon" the exceptions within the meaning of the rules implies a decision, after due consideration, of the questions properly raised by them. This may not be waived by the parties in order to bring the case for primary decision by us. Indeed, it may well be questioned whether we may dispense with it, without unwarrantably assuming the functions of the court of original jurisdiction. Be that as it may,

we are not disposed to establish a precedent for the practice, and we do not regard the reason suggested in the opinion of the learned court below as sufficient to warrant a departure in the present case from the rule laid down by the Supreme Court upon the subject. See Wilbur's Appeal, 10 W. N. C. 101, Morgan's Appeal, 125 Pa. 561, West's Appeal, 3 S. & R. 92, and Kerr v. Mayor of Pittsburg, 11 S. & R. 359.

The decree is reversed and the record is remitted with directions to the court below to decide upon the exceptions filed by the defendant.