# Commonwealth, Appellant, *v.* Dunn.

*Contempt of court—Failure to obey subpœnas—Service.*

Where the record of a criminal prosecution for selling liquor without a license shows subpœnas addressed to the prosecutor and also shows an order imposing a fine upon the prosecutor, but there is nothing on the record to. show that the subpœnas were served upon the prosecutor, or to show that the fine was imposed for contempt of court because of failure to obey the subpœnas, the order imposing the fine will be reversed.

Argued Oct. 5, 1914. Appeal, No. 9, March T., 1914, by William Daley, from judgment of Q. S. Mifflin Co., Jan. Sessions, 1914, No. 1, imposing a fine on appellant in case of Commonwealth v. Clint. Dunn. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Indictment for selling liquor without a license.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in imposing the fine referred to in the opinion of the Superior Court.

*John R. McLean, Jr.,* for appellant.—An attachment for contempt of court cannot be issued against a party or a witness for disobeying some process or order of the court, until it has been shown that the process or order has been personally served upon him: Pierce v. Post,

6 Philadelphia, 494; McKinney's Est., 2 W. N. C. 156; Killiam's Est., 2 W. N. C. 684; Chew's Est., 3 W. N. C. 392.

This court has jurisdiction to review a proceeding for contempt in the common pleas or quarter sessions court: Com. v. Newton, 1 Grant, 453; Hummell's Case, 9 Watts, 416; Com. v. Perkins, 124 Pa. 36.

No printed brief for appellee.

OPINION BY RICE, P. J., November 16, 1914:

It appears by the record that the defendant was charged, upon the information of the appellant, with selling liquor without license; that after hearing the defendant was held to bail for his appearance at court and in default was committed to jail; that after the proceedings were returned to court three successive subpœnas were issued directing the appellant to appear on certain dates to testify on behalf of the commonwealth in the case; and that on May 6, 1914, the prosecutor not appearing, the defendant was discharged. The prosecutor was not under recognizance to appear. A few days after the defendant was discharged the district attorney without any precedent authorization by the court caused process in the form of a bench warrant to be issued by the clerk by virtue of which the appellant was arrested in another county and subsequently brought before the court. Thereupon the court made the order from which this appeal was taken. We quote the order verbatim: "Now, July 24, 1914, Rule made absolute, and the court sentence William Daley, prosecutor, to pay a fine of eleven hundred eighty-six and 39/100 (1,186.39) dollars within ten days and be in the hands of the sheriff until the fulfillment of this sentence. In failure to pay said fine, said Wm. Daley to undergo an imprisonment in the county jail for the period of three months." While this order indicates that it was made pursuant to a rule, the record fails to show that any rule whatever was pending.

We mention this, not because the granting of a previous rule to show cause is an indispensable prerequisite to punishment for contempt of court, but for the purpose of calling attention to the fact that the ground upon which the fine and alternative imprisonment were imposed, is left wholly to be surmised from the parts of the record to which we have referred. If the ground was that the appellant did not obey the sub'pœnas, proof of service was an essential prerequisite to an attachment and punishment for contempt: Whar. Cr. Ev. (9th ed.), sec. 349, and Pierce v. Post, 6 Phila. 494. This is nowhere alleged either directly or inferentially, and the subpœnas which are attached to the record fail to show it. Perhaps if the order showed that the fine was imposed because the appellant did not obey the subpœnas it would be presumed on appeal that due proof of service of the subpœnas was made. But a record which fails to show that this was what he was punished for furnishes no substantial basis for such presumption. It has been said that every court of competent jurisdiction is the exclusive judge of contempts against itself. But the limitations of this doctrine as pointed out in Hummel's Case, 9 Watts, 416, and Com. v. Newton, 1 Gr. 453, admit review by the proper appellate court for the purpose of seeing that the jurisdiction has not been transcended and that the proceedings as they appear of record have been according to law. Giving to this record every reasonable intendment, it still furnishes no substantial ground upon which the order can be sustained.

The order is reversed and the appellant is discharged.