## Luks v. Blatt, Appellant.

*Beneficial associations — By-laws — Change of by-laws — Death benefits.*

Where the by-law of a beneficial association provides that an amendment of the by-laws made on motion of a member in writing, read at three regular meetings, then submitted to a special meeting, and if the motion is approved by a vote of two-thirds of the members present, and if it shall be agreeable to the grand lodge, shall become a law, a resolution passed at one meeting providing for the payment of certain death benefits and involving a change of the by-laws, is invalid, and no action to recover a death benefit can be based upon such a resolution.

*Equity—Rehearing—Practice, C. P.*

Where an application for a rehearing in an equity case presents to the court a state of facts which should be considered in order to make a proper disposition of the case, a rehearing should be granted.

It is the policy of the law to encourage a rehearing as more expeditious than to incur the expenses of appeals, and avoid errors that may be clearly remedied by the court having full control of the case.

564, (1917).]   Statement of Facts—Opinion of the Court.

Argued Oct. 31, 1916.   Appeal, No. 371, Oct. T., 1915, by defendants, from decree of Municipal Court, Philadelphia Co., March T., 1915, No. 746, on bill in equity in case of Fannie Luks v. Isaac Blatt, President of Imre Noam Horovitz Lodge, M. Koppleman, Vice-President thereof, Joseph Abrams and Sigmund Silverman, Secretary thereof, associated with others under the name of Imre Noam Horovitz Lodge.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Bill in equity against the members of an unincorporated beneficial association to recover for death benefits. Before KNOWLES, J.

The opinion of the Superior Court states the facts.

*Error assigned* was decree in favor of the plaintiff.

*Henry Arronson,* of *Shoyer & Arronson,* with him *Frederick J. Shoyer,* for appellants.—Trust funds cannot be diverted by alleged resolution of May 3, 1914, or by an unlawful decree: Weise v. Musical, Etc., Assn., 189 Pa. 446; Supreme Council v. Perry, 140 Mass. 592; Brindle v. German Reformed Congregation, 33 Pa. 415.

The policy of the law is to encourage rehearings: Dunlap v. Spiese, 250 Pa. 394; Parker's Est., 6 D. R. 519.

*James A. Somers,* for appellee.

OPINION BY ORLADY, P. J., March 9, 1917:

This is a proceeding in equity to enforce the payment of a sum of money alleged to be due the plaintiff, as the widow of Philip Luks, who was a member of the defendant lodge at the time of his death, and whose right to recover any sum is made to depend upon the regularity of the adoption of a resolution of the lodge, providing for the payment of $200 to the widow of a member "who is in good standing at the time of his death."

The investigation was conducted in a very friendly and irregular manner, and the rights of the parties must be determined in strict accordance with their law as they made it for their own government.

Article 18, of Section 1, of the by-laws is as follows: "Every motion for change or amendment of these by-laws shall be made in writing by a member in good standing and shall be read at three regular meetings and then the same shall be submitted at the quarterly or at a special meeting called for the purpose, and if same shall be passed by a vote of two-thirds of the members present, and if the same shall be agreeable to the Grand Lodge, it shall become a law."

The only evidence in regard to an alleged amendment or change of the by-law was that of several members of the lodge who testified that, at a meeting held on May 3, 1914, a resolution agreeing to pay the widow of a member whose death should occur, the sum of $200, was passed. The form of the resolution is not given; its substance is stated differently by each of the five witnesses; no record was made of it and the fact of such a resolution having been offered or passed was positively and specifically denied by the president, vice-president, assistant secretary, treasurer and seven members who were present. No action at any other meeting or approval by the Grand Lodge is suggested.

The court below found that the resolution was in fact passed by the lodge, and as stated by him he does not credit the testimony of the various witnesses called on behalf of the defendant. Assuming that they are of doubtful credibility, the affirmative testimony offered to support such a resolution is in such entire disregard of the provision of the by-law that it must be ignored, as not entitled to any consideration. The court declined to find, as a conclusion of law, that "the complainant must show the adoption of the by-law by the beneficial association" and affirmed the following conclusions of law, "8, Minutes of a meeting are evidence

of what transpired at the meeting, with the qualification
that such minutes must be properly proved.  They have
not been properly proved in this case, and therefore the
court has no evidence before it as to what said minutes
may or may not have contained."  There was no record
of corporate action, showing a regular amendment of the
by-law, which to be operative should be considered at
three regular meetings, as well as at a subsequent quar-
terly or special meeting.  Such a radical change could
not be effected in the form of a resolution at a single
meeting, and furnishes no sufficient authority for this
plaintiff to found her action upon, so holding it is not
necessary to consider the other assignments of error.

Further the application for a rehearing presented to
the court a state of facts which should have been con-
sidered in order to make a proper disposition of the
case.  Such a rehearing may be granted at any time
within the discretion of the court, as provided in our
equity rules, and this record presents such facts that the
court below should have had before it all the relevant
testimony offered by either side, and we deal with the
case as if the by-laws of the defendant had been regularly
before the court.  It is the policy of the law to encourage
a rehearing as more expeditious than to incur the ex-
penses of appeals, and avoid errors that may be clearly
remedied by the court having full control of the case:
Dunlap v. Spiese, 250 Pa. 394; Coal Mining Co. v. R. R.,
214 Pa. 469; Morrison v. Blake, 33 Pa. Superior Ct. 290;
Commonwealth v. Dunn, 58 Pa. Superior Ct. 461.  The
proceedings suggested in the foregoing authorities would
have demonstrated the invalidity of the alleged by-law
in fixing any liability on the defendant.  As was said in
Com. v. Newton, 1 Grant 453, "Every fact found by the
court below in such a case should be taken as true, if it
appears that it proceeded within, and did not exceed its
jurisdiction; but for the purpose of seeing that jurisdic-
tion has not been transcended, and that the proceedings,

as they appear of record have been according to law, we possess and are bound to exercise supervisory power over them."

We sustain the fourth assignment of error, and reverse the decree.