## Shetter's Case.

*Habitual drunkard—Allowance for wife—Arrearages—Interest —Failure to demand payment—Estoppel—Revocation of order.*

1. A court which makes an order declaring a man an habitual drunkard, has the power to modify or revoke its decree as the circumstances and relations of the parties change from time to time.

2. Where the court has ordered the committee of an habitual drunkard to pay his wife a stated sum per year for the support of herself and two minor children as long as she remained on her husband's farm, and no payments are made to the wife after five years, and she makes no demand for the same, she cannot, twenty years thereafter, and after her husband has become habitually sober, object to the revocation of the order until all of the arrearages are paid in full.

3. In such case, the wife, being estopped by her conduct from receiving allowance for her children, will be entitled to receive only such amount as would have been ample for the support of herself alone after her two children had become self-supporting, without interest thereon to the date when she made her demand in the revocation proceedings, but with interest after that date.

Argued March 5, 1923. Appeal, No. 161, Jan. T., 1923, by Barbara B. Shetter, from decree of C. P. Franklin Co., Misc. Docket, vol. C, page 124, revoking order declaring Isaac L. Shetter an habitual drunkard. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Petition for revocation of order declaring petitioner an habitual drunkard. Before GILLAN, P. J.

The opinion of the Supreme Court states the facts.

Petition allowed. Barbara B. Shetter, wife of petitioner, appealed.

*Error assigned,* inter alia, was order, quoting it.

*Charles Walter,* of *Walter & Gillan,* and *O. C. Bowers,* for appellant.—The court was without power to relieve

the estate from payment of arrears of allowance: Henry's Est., 28 Pa. Superior Ct. 541; O'Donnell's Case, 126 Pa. 155; Com. v. Brown, 12 Pa. Dist. R. 740; Poor Directors v. Dungan, 64 Pa. 402.

The order of 1891, was proper under the circumstances: Park's Case, 41 Pa. Superior Ct. 531; Breinig v. Meitzler, 23 Pa. 156.

*Walter K. Sharpe*, with him *George W. Atherton*, for appellee.—The court has large powers in modifying and vacating its decrees and orders in such cases: Com. v. Jones, 90 Pa. 431; Miller v. Com., 127 Pa. 122.

OPINION BY MR. JUSTICE FRAZER, April 9, 1923:

In January, 1890, Isaac L. Shetter, appellee, was declared an habitual drunkard and a committee appointed to take care of his estate, which consisted of a farm valued at $5,700, subject to a mortgage of $2,300 and personal property aggregating the sum of $300. On January 27, 1891, on petition of his wife, appellant, the court ordered the committee to pay her the sum of $120 annually "for the support of the said Barbara and her children so long as she remains on the farm and is given the privileges now accorded her by the committee." The privileges referred to consisted in the use of five rooms in the house, food and pasture for a horse and cow, the right to raise poultry and the use of the garden and fruit on the farm. There were four children, two of whom were self-supporting, the others a girl aged 14 and a boy aged 12 lived with their mother. Mrs. Shetter continued to reside on the farm and received in all payments in cash or its equivalent amounting to approximately $600, or five years' allowance. In 1895, Shetter presented a petition to the court below stating he had become habitually sober and asking that his property be restored to him. Testimony was taken under this petition but no decree or order was made. In 1921 he presented a similar petition

in which proceeding it was admitted by counsel for the wife that appellee had, during the preceding five years, been a sober man, contending, however, he was not entitled to have his property restored to him until that part of the order of court requiring payment of $120 per year should be complied with by payment in full to date of all deferred amounts, with interest, and by petition presented asked for an order requiring such payment to be made. Testimony taken in this proceeding showed the children, who in 1891 were dependent upon the wife for support, were no longer charges upon her, the daughter having married and the son being self-supporting. The committee had on hand, after paying expenses required in operating the farm and keeping it in repair, the sum of $1,937.21. The court below revoked the order of maintenance made in 1891, dismissed the wife's petition for payment of arrearages in her allowance under the original order and directed the committee to turn over the property to Shetter. From that order the wife appealed and the only question for our consideration is whether the court had power to revoke the order of 1891 without requiring arrearages to be paid.

The general power of the court below to modify or revoke its decree, as the circumstances and relations of the parties change from time to time, cannot be denied. Such right is a necessary incident to the power to make the order in the first place. Appellant was evidently satisfied to continue to reside on the farm and receive the advantages of a home and of the improvements and repairs made to the property out of its income and took no action for collecting payments due her until more than a quarter of a century had elapsed and then only in response to the application by her husband to have revoked the order declaring him to be an habitual drunkard. Her right to proceed at any time to ask the court to order the committee to make payment as directed by the decree is not questioned. She took no such action but was evidently satisfied with the possession of the

farm and the benefits received from the property. In the meantime conditions have changed. The children dependent upon her for support and who were included in the original order are no longer dependents, nor have they been for many years. The purpose for which the order was granted in part ceased to exist at the time the son became self-supporting and the daughter married. While the decree of the court has the force and effect of a judgment and the statute of limitations does not apply (Henry's Est., 28 Pa. Superior Ct. 541), it is the right and duty of the court to exercise an equitable discretion in the enforcement of its decree and to refuse to order payment of money for purposes having long since ceased to exist. Had appellant taken steps within a reasonable time to compel payment of the amount due her under the order, the court doubtless would have reduced the allowance to the extent that it included support for her two children since the time they ceased to be dependent on her. By her action and acquiescence in nonpayment she induced her husband and his committee to refrain from asking that an order be made in the proceeding of 1895, consequently she is now debarred by her conduct from claiming any amount except such part of the allowance as might be reasonably necessary for her individual support, exclusive of allowance to her children, as above indicated. The court below, therefore, should have reduced the fixed allowance to such reasonable amount as would be ample for the support of appellant after her son and daughter became self-supporting, such order to become effective at the time they ceased to be a charge on their mother. The payment under such modified order should be computed without interest previous to 1922, when demand for payment was first made by appellant, and the amount found to be due her should bear interest only after that time.

The decree of the court below is reversed and the record remitted for further proceedings in accordance with the views expressed in this opinion.