## Commonwealth *v.* Wilson, Appellant.

Argued September 24, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Benjamin H. Marks,* with him *J. W. McWilliams* and *Nathan Routman,* for appellant.

*Edwin C. Moon,* District Attorney, with him *Donovan H. Henry,* Assistant District Attorney, for appellee.

OPINION BY RHODES, J., November 20, 1945:

Defendant was indicted and convicted under the Act of June 24, 1939, P. L. 872, § 325, 18 PS § 4325, as an absconding witness.[1] The indictment contained seven

---

[1] "Whoever, having been required by virtue of any legal process or otherwise to attend and testify in any prosecution for forgery,

counts; one count for each of the days upon which defendant was charged with nonappearance either before the grand jury or the petit jury in the case of Commonwealth v. William Albert Morell. The indictment charged that defendant, not having appeared on December 7, 1943, before the grand jury, and before the petit jury on December 13, 14, 15, 16, 17, 18, 1943, did "unlawfully and wilfully abscond from the jurisdiction of said Court, with intent to defeat the ends of public justice and did refuse to appear as required by virtue of a writ of subpoena served on him." The subpoena was in the following form:

"The Commonwealth of Pennsylvania,
    Mercer County, ss.
"To Everett Wilson

"(Seal of Quarter Sessions

    Court of Mercer County, Pa.)

"Greetings:

"We command you, and each of you, that, all business and excuses whatsoever laid aside, you be and appear in your proper person, before our Judge at Mercer, at our County Court of Quarter Sessions, there to be held the first Monday of December next, to testify, all and singular, those things which you shall know in a certain action now depending and undetermined between the Commonwealth of Penn-

---

perjury, or felony, before any criminal court, judge, justice, or other judicial tribunal, or having been recognized or held to bail to attend as a witness on behalf of the Commonwealth or defendant, before any court having jurisdiction, to testify in any prosecution, unlawfully and wilfully conceals himself or absconds from this Commonwealth, or from the jurisdiction of such court, with intent to defeat the ends of public justice, and refuses to appear as required by such legal process or otherwise, is guilty of misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or undergo an imprisonment not exceeding one (1) year, or both."

sylvania, Plaintiff, and William Albert Morell, Defendant, on the part of the Commonwealth, and you are not to omit under a penalty of one hundred dollars.

"Witness the Hon. George H. Rowley, President Judge of our said Court, at Mercer, the thirteenth day of November in the year of our Lord 1943.

"F. L. Hutchison,
"Clerk of Quarter Sessions."

On the service side of the subpoena is the following:

"This case will come up for trial on Monday, December 6, 1943."

It was served on defendant on November 13, 1943, by L. H. Ringer, a constable, who was called by the Commonwealth as a witness, and who testified he stated to defendant that he was being subpoenaed for the grand jury. Defendant was commanded to appear at the Court of Quarter Sessions of Mercer County on the first Monday of December, 1943, which was December 6th. We feel that the subpoena indicated the place, the time, and purpose for which defendant's presence and testimony were required. Defendant was subpoenaed on behalf of the Commonwealth in a matter then "depending" before the grand jury.[2] "The Commonwealth may have this process in any proceeding where its interest is apparent, whether as a suitor or a prosecutor, and so may parties in courts, either civil or criminal; but we have yet to learn that any such right exists in a court, in its mere character as a court, separated from the case which it has in hand. So this, as well as every other compulsory process, must show upon its face that it was issued for some person or party having a right thereto, otherwise it is nugatory and void, and disobedience to its mandate

---

[2] "Grand juries do not try, but enquire; they do not condemn, but only accuse: *State v. Wolcott*, 21 Conn. 272, 280": 28 C. J. 763. See also, *McNair's Petition*, 324 Pa. 48, 56, 57, 187 A. 498.

involves no penalty whatever": *Hartranft Appeal,* 85 Pa. 433, 442. Section 32 of the Act of March 31, 1860, P. L. 427, 17 PS § 361, provides that the county courts of oyer and terminer and quarter sessions are "empowered to issue writs of subpoena, under their official seal . . . , to summon and bring before the respective court any person to give testimony in any cause or matter depending before them . . ."

Defendant's first assignment of error complains of the refusal of the trial judge to affirm defendant's twelfth point: "Under all the evidence presented, there cannot be a conviction of the defendant on the second, third, fourth, fifth, six and seventh counts in the indictment, and on such counts the verdict must be not guilty." The fourth assignment relates to the sentence imposed.

The essence of the crime for which defendant was indicted and convicted is in the intent to defeat the ends of public justice. In *Com. v. Dunn,* 58 Pa. Superior Ct. 461, 463, this court said: "If the ground was that the appellant did not obey the subpoenas, proof of service was an essential prerequisite to an attachment and punishment for contempt: Whar. Cr. Ev. (9th ed.), sec. 349, and *Pierce v. Post,* 6 Phila. 494." "Subpoena" has been defined by Bouvier as a "process to cause a witness to appear and give testimony, commanding him to lay aside all pretences and excuses, and appear before a court or magistrate therein named at a time therein mentioned, to testify for the party named, under a penalty therein mentioned. This is called distinctively a *subpoena ad testificandum."* The purpose is to place the witness under the order and censure of the court, and a writ which does not effect this is not a subpoena within the meaning of the law. 1 Greenl. Ev. § 315; 40 Words & Phrases, Perm. Ed., Subpoena, p. 421.

Defendant was acquitted on the first count, and found guilty on the other six counts. The court below was of the opinion that defendant's failure to appear before the petit jury, embraced in the six separate counts

of the indictment, was a single offense, and arrested judgment as to five of the counts.

One William Albert Morell had been arrested on October 9, 1943, charged with the murder of Helen Wilson, Catherine Wilson, and Robert McKay, the victims being respectively the wife, the mother, and an employee of defendant. Defendant was in Canada at the time of this occurrence.

The homicide charges against Morell were submitted to the grand jury of December term, 1943, which convened on December 6, 1943, and continued on the 7th and 8th. A true bill was returned against Morell, and he was tried in the court of oyer and terminer before a petit jury beginning December 13, 1943. Defendant did not appear before the grand jury or the petit jury. The only subpoena served upon him was the one requiring him to appear and testify on the part of the Commonwealth on the date the grand jury convened, December 6, 1943. Defendant was personally excused from appearing on that date by the district attorney, but the latter indicated defendant's presence would be required before the grand jury on December 7, 1943. On December 6, 1943, defendant telegraphed from Washington, D. C., to the trial court that he was ill and unable to attend. His defense to the first count of the indictment was that he was ill in Washington, D. C., and that his illness prevented him from appearing as a witness before the grand jury. On December 10, 1943, after a true bill had been found by the grand jury in Commonwealth v. Morell, a second subpoena was issued for defendant for his attendance at the trial before a petit jury beginning on December 13, 1943. This subpoena was never served upon defendant, although he returned to Mercer County on December 10th and left on December 13th, after leaving his forwarding address. The second subpoena had noted on the service side the following: "This case will come up for trial on Monday, December 13, 1943." As to the six counts in the indictment, defendant contended

that the subpoena which had been served upon him did not oblige him to attend the trial of Morell before the petit jury for which a second subpoena had been issued but never served. The Commonwealth conceded that the practice in the criminal courts of Mercer County had been to issue two subpoenas for witnesses; one for appearance before the grand jury and another for appearance before the petit jury. The trial judge in his charge to the jury in connection therewith made this comment: "And there was an admission placed upon the record by the District Attorney and agreed to by counsel for the defendant that that was the practice from 1901 or about there to 1944, of issuing a subpoena for the Grand Jury and issuing another subpoena for the trial week."

The present district attorney and several others who had held that office were witnesses at defendant's trial. They all testified that in Mercer County separate subpoenas were issued by the Commonwealth for witnesses to appear before the grand jury and for witnesses to appear before the petit jury in criminal cases where true bills had been found. It also appears that there are four terms of court in Mercer County known as March, June, September, and December terms. The grand jury meets on the first Monday of March, June, and December, and the first Tuesday after Labor Day; jury trials begin respectively on the second Monday of March, June, September, and December. The position of the district attorney on behalf of the Commonwealth is that defendant, having once been duly served with a subpoena for the December term of court, 1943, beginning on the first Monday of December, to wit, December 6th, was required as a witness to be in attendance on the first day of the term and from day to day until he had testified or had been excused; that he should have heeded the command of the subpoena. The Commonwealth adopts, in support of its position, the following from the opinion of the court below: "It must be conceded that the custom of the Commonwealth officers of Mercer County has been to

issue a subpoena returnable to the first day of the term to procure attendance of a witness before the Grand Jury, and to serve a second subpoena after an indictment is found if the witness is also required at the trial before a petit jury. But the practice in no wise reduces the obligation imposed by the subpoena, upon a witness who neither testifies nor appears. Witnesses who appear before the Grand Jury and testify are fairly warranted in assuming that they have discharged their obligation, in absence of contrary directions from officers of the court. The practice of issuing a second subpoena for trial week is not due to the inefficiency of a single subpoena to require a witness to appear before both the Grand Jury and the trial jury, but it is due to the intervention of the district attorney who, for reasons of economy or convenience of witnesses, expressly or tacitly excuses the witness after he has appeared."

In the opinion of the court below, the following statement also appears: "If the instant defendant had appeared before the grand jury and had been subsequently prosecuted for failure to appear before the petit jury, he could derive some comfort from the practice of issuing a second subpoena for the trial week. But in such a situation, the strength of his position would be principally attributable to the fact that he had appeared and had testified as commanded. Then as an incidental matter, the practice of issuing a second subpoena could be shown for the purpose of establishing that the Commonwealth commonly treated a single appearance as a sufficient compliance with the subpoena."

We should be slow to overrule a practice, steeped in local tradition, even if we saw reasons for doubting it, where sudden non-adherence would make one subject to criminal prosecution. A witness in the position of this defendant might find himself imprisoned because his honest judgment did not anticipate the possible implication of a subpoena and the alleged obligation imposed thereby in direct contradiction to the interpretation

given, and the practice followed, by the representatives of the Commonwealth in Mercer County, men learned in the law.[3]

Where, as here, the Commonwealth officers have acted in conformity with a long established local custom, an individual may rest upon the assumption that he will not be covertly prosecuted by such officials for accepting the validity of such custom.

This case cannot be affected by speculation as to defendant's position if he had not been detained by illness, or if he had appeared and testified before the grand jury. We are of the opinion that the verdict of the jury discharged his obligation under the one subpoena which had been served upon him.

We have not disposed of this case on general principles. The Commonwealth's factitious niceties have been answered by its own factual admissions:—Its process server advised defendant that he was being subpoenaed for the grand jury in the case of Commonwealth v. William Albert Morell; the subpoena served upon defendant required him to appear on the first Monday of December, to wit, December 6, 1943, the date the grand jury convened; the grand jury in Mercer County met on the first Monday of December, the trial of cases before the petit jury began on the second Monday of that month; the accepted and recognized practice of the Commonwealth in Mercer County, for more than forty years, had been to issue two subpoenas for the attendance of Commonwealth witnesses, one for the grand jury and another for the trial of a defendant before the petit jury.

The Commonwealth concedes, in the testimony of the district attorney, that the absence of defendant was not considered important enough to justify a continuance of the Morell case. The record of course does not indicate

---

[3] W. G. Barker, a former district attorney of Mercer County, testified as to the necessity of a separate subpoena for Commonwealth witnesses to appear before the petit jury: "I regarded it as being required by law. That was the reason I did it."

the materiality of defendant's testimony; nor does it disclose any improper motive for defendant's failure to appear before the grand jury or attend the trial before the petit jury. Notwithstanding the nature of the indictment, Commonwealth's counsel, in the course of defendant's trial, said: "We're not accusing him of running away. . . . We're accusing him of not appearing here."

The first and fourth assignments of error are sustained.

Judgment is reversed, and defendant is discharged.