## Sheridan et ux. v. Goldberg

*Robert M. Carson*, for plaintiffs.

*Portser, Gregg & McConnell*, for defendant.

BAUER, J., April 21, 1948.— In order to have an understanding of this case and the manifold delays we believe it is proper that we first set down the docket entries. They are as follows:

"Summons in Equity.

"Issued October 2, 1937, returnable third Monday October 1937.

"October 7, 1937, Bill in equity filed against certain real estate located at No. 613 Mace Street, in the Borough of Southwest Greensburg, which property is bounded and described as follows:

" 'All that certain piece or parcel of ground lying and situate in the Borough of Southwest Greensburg, County of Westmoreland and State of Pennsylvania, bounded and described as follows, to wit:

" 'BEGINNING at a point in the East line of Mace Street at a point common to line of lots Nos. 258 and 259; thence in an Easterly direction along the line common to said two lots a distance of 120 feet to a point in the West line of an alley; thence in a Southerly direction along said line of said alley a distance of 37½ feet to a point in said line of said alley; thence through lot No. 259 by a line parallel to the line dividing said lots Nos. 258 and 259, a distance of 120 feet to the East line of said Mace Street; thence in a Northerly direction along said line of said Mace Street, a distance of 37½ feet to a point the place of beginning. Being the Northern 37½ feet of lot No. 259 in the plan of lots known as Southwest Greensburg, as recorded in the Recorder's Office of said County, in Corporation Docket 2, pages 440 and 441, being the same lot of ground as recited in deed from Charles E. Campbell and Elsie I. Campbell to Charles Goldberg, as recorded in deed book Vol. 860, page 243.'

"Served the within bill in equity October 11, 1937, at 11:30 o'clock a. m., on the within-named defendant, Charles Goldberg, at Hempfield Township, Westmoreland County, Pa., personally, by handing him a true and attested copy thereof and by making known to him the contents thereof. Received of attorney, $3.20 sheriff's costs. So answers James M. Keating, Sheriff.

"December 3, 1937, answer filed.

"Eo die attorney for plaintiffs, hereby accepts service of within answer and acknowledged receipt of copy of same.

"November term, 1937, on equity trial list.

"December 30, 1937, replication of plaintiffs to new matter.

"December 30, 1937, Gregg and Copeland, attorneys for defendant, accept service of the within replication and received copy of same.

"February term, 1939, on equity trial list.

"And now, to wit, March 24, 1939, by agreement of counsel the above case is continued from Wednesday, March 22, 1939, to Thursday, March 30, 1939, at 9:30 o'clock a. m. By the court, Keenan, J.

"October 16, 1939, testimony filed.

"August term, 1940, on equity trial list.

"November 18, 1940, petition authorizing and directing Charles Goldberg to take possession of premises, etc., filed and the following order made:

"November 18, 1940, upon consideration of the within petition rule is granted, returnable in five days, to show cause why the prayer of the petition should not be granted. Keenan, J.

"Eo die, plaintiffs' attorney, accepts service of the within petition and order and acknowledges receipt of copy of same.

"And now, November 18, 1940, upon motion the continued hearing of this case is set for Saturday, November 23, 1940. Keenan, J.

"November 23, 1940, answer to rule filed.

"Eo die, defendant's attorneys, Portzer, Gregg & McConnell, accept service of the within answer and acknowledge receipt of copy of same.

"And now, to wit, November 23, 1940, it appearing to the court that the petition of defendant for an order on plaintiffs to turn over the property in suit to a bailiff and the answer of plaintiffs thereto and the admissions and stipulations made upon the hearing of the same shows that plaintiffs are not now occupying the premises at 613 Mace Street in the Borough of Southwest Greensburg, Westmoreland County, Pa., and that the same is liable to loss or destruction by fire and theft, and it is to the best interests of the parties hereto that an attendant be placed in the same, it is hereby ordered that plaintiffs surrender possession of the premises forthwith to Robert M. Carson, Esq., and James Gregg, Esq., who are hereby appointed trustees and directed to take possession with power to take such steps to pre-

serve the said property until the disposition of this case as to them shall seem meet, including the right to rent the same either directly or through an agent for this purpose, the moneys received therefor by the said trustees to be deposited in their joint account and full report and account to be made to the court as the court shall direct. Keenan, J.

"December 6, 1940, testimony filed.

"November term, 1940, on equity argument list.

"January 5, 1948, adjudication, statement of the pleadings, findings of fact, discussion, conclusions of law and decree nisi filed, as follows:

"And now, to wit, January 3, 1948, upon due consideration of the foregoing case, it is ordered, adjudged and decreed

"1. That defendant, Charles Goldberg, shall execute and deliver to plaintiffs, Edward P. Sheridan and Myrtle A. Sheridan, his deed of conveyance with conveyance of general warranty, free of liens and encumbrances, conveying to the plaintiffs—

" 'ALL that certain piece or parcel of ground lying and situate in the Borough of Southwest Greensburg, County of Westmoreland and State of Pennsylvania, bounded and described as follows, to wit

" 'BEGINNING at a point on the East line of Mace Street at a point Common to line of lots Nos. 258 and 259; thence in an Easterly direction along line common to said two lots a distance of 120 feet to a point on the West line of an alley; thence in a Southerly direction along said line of said alley a distance of 37½ feet to a point in said line of the alley; thence through lot No. 259 by line parallel to the line dividing said lots Nos. 258 and 259 a distance of 120 feet to the East line of said Mace Street; and thence in a Northerly direction along said line of said Mace Street a distance of 37½ feet to a point the place of beginning. Being the Northern 37½ feet of lot No. 259 in the plan of lots known as Southwest Greensburg, as recorded in

the Recorder's Office of said County in Corporation Docket 2, pages 440 and 441. Being the same lot of ground conveyed by Charles E. Campbell and Elsie I. Campbell to Charles Goldberg, as recorded in Deed Book Vol. 860, page 243.'

"2. That on the execution and delivery of the deed specified in paragraph 1 of this decree plaintiffs shall pay to defendant the sum of $1,558, being the amount tendered to defendant.

"3. That James Gregg and Robert Carson, trustees appointed by the court, file their account of the rents collected from said property and their expenses in connection therewith.

"4. That defendant in this suit shall pay the costs.

"5. The decree shall be entered as a decree nisi, which shall be entered by the prothonotary as his final decree unless exceptions are filed by defendant within 10 days after the notice of the prothonotary of the findings and conclusions of the chancellor. By the court, Keenan, P. J.

"Eo die, notice to attorneys of record.

"January 16, 1948, decree final. Leo Sukala, prothonotary.

"And now, February 9, 1948, for cause shown the time for filing exceptions to the within findings of fact, conclusions of law and decree nisi is extended to 10 days from this date. Laird, J.

"February 13, 1948, exceptions to the adjudication, findings of fact, conclusions of law and decree nisi of the chancellor filed.

"February term, 1948, on court en banc argument list."

It will be seen from the last docket entry that the case came before the court en banc, all three judges sitting, at the February term, 1948. An order of court was entered by Judge Laird on February 9, 1948, extending the time for filing exceptions for an additional

10 days. The decree nisi was entered on January 5, 1948, and became final on January 16, 1948.

Counsel for defendant maintains the decree nisi filed in the prothonotary's office on January 5, 1948, was too late because the commission of Judge Keenan had expired midnight January 4, 1948; that the final decree was therefore as null and void as the decree nisi. For this proposition we believe there is some authority.

"It is clear that the ordinary rule, that an officer continues to hold beyond the time of his official term until his successor is selected and qualified, does not apply to the case of judges learned in the law, under the Constitution of the State. . . .

"The term is thus limited to ten years, and, by a proper construction of the constitutional provision, could not be intended to mean more": Metzger's Case, 6 Pa. 272.

In the matter of the expiration of the commission of Chief Justice Lewis, 29 Pa. 518, 519, it was held that, ". . . In other words, we hold that the years mentioned in the amendment are to be counted from Monday to Monday, and not from the day of the month to the day of the month." The case of Reiber v. Boos et al., 110 Pa. 594, cited by counsel for plaintiffs, can be distinguished in that the judgment there complained of was heard by two associate judges along with judge Bredin, whose commission expired. The court in that case was composed of a law judge and two associates and the two associates could have entered the decree of court as Judge Bredin was acting as amicus curiæ of the court. In the case at bar only one judge heard the case and he alone, without any of the other judges being present at any time, made the order and filed the same after his term of office had expired.

Corpus Juris Secundum discusses the act of a judge after the expiration of his term, and says,

"Generally speaking, except as it may be otherwise provided by law, a judge's power to exercise judicial

functions ceases with the expiration of his term of office; and thereafter any uncompleted business is left for his successor in office . . .; and the consent of the parties cannot confer power or jurisdiction on a judge after the expiration of his term of office. At least in the absence of statutory authorization, his judicial acts done after the qualification of his successor, or after his own term of office has expired, are void, and should be set aside, although they are done pursuant to orders of court": 48 C. J. S., 1010.

This member of the court took his oath of office at ten o'clock Monday morning, January 5, 1948, succeeding Judge Keenan, who was defeated for reëlection. The prothonotary has informed us that the order in question was filed five minutes before closing time, January 5, 1948, by Edwin L. McArdle, Judge Keenan's former stenographer. As we understand the law the term of Judge Keenan expired at 12 o'clock midnight January 4, 1948, and he had no further authority to act in any judicial capacity after that time: Commonwealth ex rel. v. McAfee, 232 Pa. 36; Commonwealth ex rel. v. Niles et al., 2 Chester 442. The case of Kelly v. Donnelly, 16 Pa. Superior Ct. 363, cited by plaintiffs' counsel, does not decide that a decree may be filed after the death of a judge who rendered it. This case is authority for saying that the other judges of the court must perform their duties relating to exceptions filed to that decree. The decree in the Kelly v. Donnelly case was filed before the death of the chancellor and not after.

Under Equity Rule 86 the court in its decree "shall prescribe the time within which the act shall be done", which was not done.

Counsel for plaintiffs and defendant were to file an account. This has not been done.

This case has dragged on over a period of 11 years. The case was started in 1937. The testimony was filed October 16, 1939. Almost nine years later an opinion

and decree was filed. After so long a period of time has elapsed between hearing the witnesses and writing an opinion we are of opinion that the usual weight to be given to a chancellor's findings of fact, conclusions of law and decree does not apply. No member of this court had the advantage of hearing any of the witnesses nor were they consulted at any time after the testimony was closed. It seems apparent to the court that an appeal would be taken by either side if we were to decide this case on the record as it now stands. We further believe that justice cannot be done without a rehearing. There is much authority that a final decree not excepted to as required by the rules of equity should not be disturbed. However, this is such an exceptional situation that we feel that to let this decree stand would be a grave injustice and a trifling with the true concepts of equitable justice: "It is the policy of the law to encourage a rehearing as more expeditious than to incur the expenses of appeals, and avoid errors that may be clearly remedied by the court having full control of the case": Luks v. Blatt, 65 Pa. Superior Ct. 564.

"The general power of the court below to modify or revoke its decree, as the circumstances and relations of the parties change from time to time, cannot be denied. Such right is a necessary incident to the power to make the order in the first place": Shetter's Case, 277 Pa. 273 at 275. Pokrzywnicki v. Kozak, Jr., et al., 353 Pa. 5; Bergen et ux. v. Lit Bros. et al., 354 Pa. 535, 538; Kingsdorf v. Frank Gamburg, Inc., 147 Pa. Superior Ct. 84.

We are of opinion that real justice cannot be had in this case unless we grant a rehearing. We also feel that counsel in this case should immediately file their account. Too much time has been lost and any further delay will not be tolerated.

And now, April 21, 1948, upon consideration of the foregoing case it is ordered, adjudged and decreed as follows: The decree entered January 5, 1948, at no.

1766 in equity is set aside and dismissed, the final decree and judgment thereon is vacated, a rehearing is granted, James Gregg and Robert Carson, trustees, shall file their account, and the case is ordered placed on the May term equity trial list for trial Wednesday, June 16, 1948.

Laird, P. J., concurs in the above opinion.

McWHERTER, J., April 21, 1948.—The decree of Judge Keenan was dated January 3, 1948. It was not filed until January 5, 1948, after his term had expired. I do not agree that this delay in filing invalidated the decree nisi. However, for the other reasons assigned I concur in the foregoing decree of the court en banc.