## Commonwealth v. Kaiser

*Gregory V. Smith, Assistant District Attorney,* for Commonwealth.
*Patrick H. Fierro,* for defendant.

GREEVY, *P. J.*, January 12, 1976—This matter is before the court on defendant's motions in arrest of judgment and for a new trial. We will deal only with the motion in arrest of judgment as it is dispositive in this case.

Defendant, Richard E. Kaiser, was found guilty in a trial by jury of being an absconding witness in violation of the Pennsylvania Crimes Code, which provides:

"A person commits a misdemeanor of the third degree if, having been required by virtue of any legal process or otherwise to attend and testify in any prosecution for a crime before any court, judge, justice, or other judicial tribunal, or having been recognized or held to bail to attend as a witness on behalf of the Commonwealth or defendant, before any court having jurisdiction, to testify in any prosecution, he unlawfully and willfully conceals himself or absconds from this Commonwealth, or from the jurisdiction of such court, with intent to defeat the end of public justice, and refuses to appear as required by such legal process or otherwise.": Act of December 6, 1972, P.L. 1482 (No. 334), sec. 1, 18 PS §5125.

This section of the Crimes Code is derived from section 325 of The Penal Code of 1939, 18 PS §4325, under which our courts have held that the essence of the crime under this provision is in the intent to defeat the ends of justice: Commonwealth v. Wilson, 158 Pa. Superior Ct. 198, 44 A. 2d 520 (1945). As in all criminal prosecutions, the burden to prove beyond a reasonable doubt all elements of the crime is on the Commonwealth: Commonwealth v. Rose, 457 Pa. 380, 321 A. 2d 880 (1974). This the Commonwealth failed to do.

In ruling upon motions in arrest of judgment and for a new trial, the court must accept the credible

evidence presented by the Commonwealth as well as all reasonable inferences therefrom. However, the evidence presented by the Commonwealth at trial established only that defendant was served with a subpoena and that he failed to appear on the appointed day to testify. The following testimony of Detective Frey, one of the Commonwealth's witnesses, goes to the heart of the matter:

"Q. Well, then you don't know why Richard Kaiser did not appear at that hearing, do you?
"A. All I know is he didn't appear."

The record is devoid of any evidence that defendant willfully absconded from the Commonwealth with the intent to defeat the end of public justice. The testimony reveals that no investigation was ever made to determine whether defendant had the requisite intent to defeat the end of public justice or whether his failure to appear was due to circumstances beyond his control, such as his being stranded in a blinding snow storm near Syracuse, as defendant testified at trial. Regardless of whether or not defendant even had an explanation for his absence, the Commonwealth failed to meet its burden to prove beyond a reasonable doubt that his failure to appear was "willful" and done "with the intent to defeat the end of public justice."

Accordingly, we make the following

## ORDER

And now, January 12, 1976, defendant's motion in arrest of judgment is granted and defendant is hereby discharged.