JOSEPH W. WILEY, Chairman Personnel Commission
You ask whether a commission hearing examiner designated under sec. 227.09 (1), Stats., has the power to continue the terms of an original subpoena to compel the attendance of a witness at a continued or postponed hearing date.
In my opinion the answer is yes. More precisely, the subpoenaed witness must remain in attendance until excused from the subpoena.
Although your particular question relates to the Personnel Commission's function in administering the Fair Employment Act, secs. 111.31-111.37, Stats., as applied to state employes pursuant to Wis. Adm. Code sections Ind 88.035 (2) and Ind 88.08; ch. 196, sec. 129 (4), Laws of 1977; and sec. 230.45 (1) (b), Stats., I believe the answer is the same for any examiner designated under sec. 227.09 (1), Stats.
Section 227.09 (1), Stats., provides:
 [A]n agency may designate an official of the agency or an employe on its staff or borrowed from another agency . . . as a hearing examiner to preside over any contested case . . . . Subject to rules of the agency, examiners presiding at hearings may:
. . . .
 (b) Issue subpoenas authorized by law. *Page 252 
. . . .
(e) Regulate the course of the hearing.
Section 885.01, Stats., provides:
 SUBPOENAS, WHO MAY ISSUE. The subpoena need not be sealed, and may be signed and issued as follows:
 (1) By any judge or clerk of a court or court commissioner or municipal judge . . . to require the attendance of witnesses . . . .
 (2) By the attorney general or any district attorney or person acting in his stead, to require the attendance of witnesses . . . .
. . . .
 (4) By any arbitrator, coroner, medical examiner, board, commission, commissioner, examiner, committee or other person authorized to take testimony . . . to require the attendance of witnesses . . . .
A subpoena is the vehicle for acquiring jurisdiction over a witness to compel his or her attendance and testimony. See 97 C.J.S. Witnesses sec. 20, p. 370; Timson v. Weiner, 395 F. Supp. 1344,1348 (D.C. Ohio 1975); Commonwealth v. Wilson,158 Pa. Super. 198, 44 A.2d 520, 522 (1945); and Seattle, L. S. E. Ry.Co. v. Union Trust Co., 79 F. 179, 187 (9th Cir. 1897). Once jurisdiction over the person is acquired, the person must remain in attendance until excused. As stated in 97 C.J.S. Witnesses
sec. 20, p. 371:
 Continued attendance under original subpoena. As a general rule, witnesses may be compelled to attend on court until dismissed by the court or the party who summoned them. So a witness who has once been duty served with a subpoena, and who attends in obedience thereto, must remain, if he is wanted, after the day named in the subpoena for his attendance, without being served with a new subpoena; and it has been held that he is required to attend from term to term, or at the time to which the trial is continued or postponed. . .
Also see 81 Am. Jur. 2d Witnesses sec. 5, p. 30 ("[i]t is the duty of every witness to attend court when, and as long as, commanded"), and Philler v. Waukesha County, 139 Wis. 211, 213,120 N.W. 829 (1909) ("[t]he duty . . . is to attend as long as commanded"). Even *Page 253 
where the original date in the subpoena was continued to a later date, "[i]t was the duty of the [prospective witness] to respond to the subpoena and to remain . . . until excused by the court or by the government's representatives." Blackmer v. United States,284 U.S. 421, 443 (1931). A subpoenaed person has a "continuing obligation," and a telephone call notice from a prosecutor of a later date than that in the subpoena continued the obligation to appear at the later date. In re Ragland, 343 A.2d 558, 560 (D.C. 1975). Accord, In re Grand Jury Subpoenas, 363 So.2d 651, 654
(La. 1978).
Since it is the subpoena which generates the duty to remain in attendance, there is no need to examine the question whether the Legislature expressly empowered hearing examiners to continue subpoenas. It suffices to note that the Legislature empowered hearing examiners to issue subpoenas. The subpoena itself imposes the duty to remain until excused. Certainly the Legislature gave no indication that a subpoena means one thing in the courts and something else in the administrative agencies. Quite the contrary. Section 885.01, Stats., establishes uniform terms for subpoenas, whether issued by courts, hearing examiners, or privately retained arbitrators. The duty to attend, generated by the subpoena, is the common denominator to all subpoenas, see
sec. 885.01 (1), (2) and (4), Stats., and, according to the case law, the duty to attend entails the duty to remain in attendance until excused.
Absurd results would follow if in administrative hearings the duty to attend did not include the duty to remain until excused. If the duty to remain does not continue from day to day, it should not continue from hour to hour, or even from minute to minute. Correctly understood, the hour and date specified in a subpoena only mark the beginning of the duty to attend; they do not mark the end or the middle of that duty. The length of the duty to remain is a different matter and, as seen, it continues until the witness is excused.
For these reasons, it is my opinion that a witness subpoenaed by a hearing examiner to attend an administrative hearing has a duty to remain in attendance until excused. The examiner has the power to "[r]egulate the course of the hearing," sec. 227.09 (1)(e), Stats., which unquestionably includes the power to regulate the order of the witnesses. That order cannot always be known at the time subpoenas are issued, and the smooth functioning of the process requires that the examiner be enabled to hear witnesses without being hamstrung *Page 254 
by the minute of the day marked in the subpoena. The examiner can continue the hearing from day to day for appropriate reasons, and once jurisdiction over the person is acquired through the subpoena the witness must attend at such subsequent times as directed by the examiner and until excused from the subpoena.
BCL:CDH:JEZ