ABRAHAM GOLDBERG, Plaintiff, *v.* CANDY PRODUCTS CO., INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Second District,
May 11, 1926.

**Depositions — examination of defendant before trial — notices for examination before trial of officer of defendant corporation, in action in Municipal Court of City of New York, made returnable before justice of Supreme Court — motion to vacate said notices properly made in Municipal Court — notices for examination modified under Rules of Civil Practice, rule 124, and made returnable before justice of Municipal Court.**

A motion to vacate notices for examination before trial, though returnable before a justice of the Supreme Court, may be made in the Municipal Court of the City of New York where the action is pending.

Under the discretionary power vested in a court or judge under rule 124 of the Rules of Civil Practice, plaintiff's notices for an examination before trial of an officer of the defendant corporation before a justice of the Supreme Court in an action pending in the Municipal Court of the City of New York, should be modified to make the place of the examination Part I of the Municipal Court, and the person before whom the deposition is to be taken, the justice of said court presiding in said part.

MOTIONS by defendant to vacate notices for examination before trial of an officer of defendant corporation.

*Weinberg & Oltarsh,* for the plaintiff.

*Harris Koppelman,* for the defendant.

CRANE, J. These are motions to vacate notices for examination before trial of an officer of the defendant company. The motions are made on several grounds, but I shall consider only the ground worthy of attention on this motion, the others being in my opinion not well taken.

The notice is made returnable before a justice of the Supreme Court at the county courthouse in the borough of Manhattan, and this is assigned as one of the grounds for vacating such notice. The notice is given under the provisions of section 288 of the Civil Practice Act (as amd. by Laws of 1920, chap. 926), which apply

to the Municipal Court (*Crowe* v. *Marsh Garage Co.*, 117 Misc. 660; Mun. Ct. Code [Laws of 1915, chap. 279], § 27, subd. 4 [as added by Laws of 1916, chap. 610].) Under that section of the Civil Practice Act, testimony may be taken before any judicial officer, notary public or attorney. (Civ. Prac. Act, § 301.) A resident person to be examined cannot be compelled to attend except in the county of his residence or place for the transaction of business in person (Civ. Prac. Act, § 300), which at once suggests that there is some limitation upon the expression " any judicial officer " as used in section 301. The motion to vacate is properly made in the Municipal Court, even though this notice is returnable in the Supreme Court. (*Cohen* v. *Mann*, 118 Misc. 264; *Reilly* v. *Reilly*, 122 id. 821.) For matters of practical utility, the practice of making these motions returnable in a court other than the court in which the action is pending is undesirable. Mere service of a notice without subpœna does not subject a defendant to any penalty for disobedience. (*Levine* v. *Moskowitz*, 206 App. Div. 194.) His answer cannot be stricken out nor purely defensive moves on his part stayed for failure to attend pursuant to notice alone. (*Mascola* v. *City Service Taxi Corporation*, 123 Misc. 304; *Hovey* v. *Elliott*, 167 U. S. 409.) A different rule obtains as to a plaintiff who fails to appear pursuant to notice only, for his proceedings may be stayed even though no subpœna was served. (*Graziano* v. *Eagle Pencil Co.*, 207 App. Div. 225.)

If a defendant served with notice and subpœna defaults, he then may be punished as any other person for disobeying a subpœna. But, before he may be punished for disobedience of a subpœna, it must issue by a court having jurisdiction of the action. Subpœnas are issued only in actions or special proceedings. An examination of the adverse party is a proceeding in an action. (Civ. Prac. Act, § 288.) The only court authorized to issue a subpœna in an action is the court in which the action is pending. (Civ. Prac. Act, § 403.) Certain other cases exist in which a subpœna may be issued, but these provisions do not apply to a matter arising or an act to be done in a court of record. (Civ. Prac. Act, § 406, subd. 1, particularly last sentence.) For failure to obey a subpœna, a party is punished by the court in which the action is pending. (Civ. Prac. Act, § 405.)

In this state a subpœna is not an independent process, but is always connected with an action or special proceeding. As there is no action here pending in the Supreme Court, it is doubtful whether any power exists for a subpœna to issue from that court in this matter; but that is a matter to be decided by the Supreme Court whose subpœna it is. However, in the interest of orderly

practice, each court in this State has plenty to do to take care of its own cases and proceedings arising therein, and under rule 124 there is power to deal with the situation. That rule provides in part: " If the court or judge shall deem that the testimony should be taken at a time or place, or before a person, other than specified in the notice, an order may be made fixing a different time or place for the taking of the testimony, and designating some other person to take the same."

I would feel justified in holding that the term " any judicial officer," as mentioned in section 301 of the Civil Practice Act, should be read to mean any judicial officer of the court in which the action is pending, provided the place of examination is within the jurisdictional limits of that court; but, under the rule which has been just referred to, that will be unnecessary, as I shall modify the notice for the reasons stated and make the place of the examination part I of this court and the person before whom the deposition is to be taken the justice of this court presiding in said part. The date of examination may be fixed on settlement of orders on these motions, which orders shall be settled on three days' notice.