373 P.2d 541

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Byron HESTER, Defendant-Appellant.**

No. 6987.

Supreme Court of New Mexico.

July 26, 1962.

Dan B. Buzzard, Clovis, for appellant.

Earl E. Hartley, Atty. Gen., Norman S. Thayer and F. Harlan Flint, Asst. Attys. Gen., Santa Fe, for appellee.

CARMODY, Justice.

The question for determination is the apparent ever-recurring one, involving the timeliness of an affidavit of disqualification.

Appellant appealed from a conviction of driving while under the influence of intoxicating liquor, by a justice of the peace to the district court of Roosevelt County. Arraignment was set for February 24, 1961, and, on the morning of that day, counsel for the appellant, by telephone, requested of the district judge that the case be continued because the roads were hazardous and that counsel did not have his witnesses available. The request for continuance was granted and arraignment was set for March 3d. On the latter date, an affidavit of disqualification of the district judge was filed under the provisions of § 21-5-8, N.M.S.A.1953. The court refused to recognize the affidavit, on the ground that it was not timely filed, following which the appellant was arraigned on March 17th and the case tried on its merits on March 24th, resulting in his conviction of the offense mentioned.

Appellant argues that the affidavit was timely filed and that therefore the

court had no jurisdiction in any subsequent proceedings, relying principally on Rivera v. Hutchings, 1955, 59 N.M. 337, 284 P.2d 222. Of course, if the affidavit was timely filed, the Rivera case is controlling and the conviction is void; but, on the contrary, Rivera has no application if, prior to the filing of the affidavit, the judicial discretion of the court had been exercised in response to a request by the party. Such is the effect of our rulings in State ex rel. Shufeldt v. Armijo, 1935, 39 N.M. 502, 50 P.2d 852; and in State ex rel. Tittmann v. Hay, 1936, 40 N.M. 370, 60 P.2d 353; as well as in other cases which need not be cited.

In State ex rel. Tittmann v. Hay, supra, we said:

"We hold that a decisive consideration is whether a party invoking the statute has submitted an issue in the cause for determination. As to when a party has submitted a controversy must be determined from the circumstances."

We held in Houston Fire & Casualty Insurance Co. v. Falls, 1960, 67 N. M. 189, 354 P.2d 127, that the granting or denying of a continuance rests within the sound discretion of the court. Here, appellant, when he first requested the continuance, called upon the court to exercise his discretion. This request sought a ruling on the part of the court, in his judicial capacity, and we are of the opinion that such action is sufficient to render the subsequent filing of the affidavit of disqualification untimely. State ex rel. Shufeldt v. Armijo, supra; State ex rel. Weltmer v. Taylor, 1938, 42 N.M. 405, 79 P.2d 937; and State v. Cline, 1961, 69 N.M. 305, 366 P.2d 441. Actually, the Cline case, although decided on different facts, is very analogous, and, in our judgment, must be followed here.

It was discretionary with the trial judge to either grant or deny the request for a continuance. The ruling thereon was a judicial, not ministerial, act. Thus, the appellant here "tested the mind" of the court, and to allow him to thereafter disqualify the judge is not in accordance with our decisions.

Having held that the filing of the affidavit was not timely, it is not necessary for us to discuss the question of waiver, which was raised in the briefs.

From what has been said, the judgment of the district court will be affirmed. IT IS SO ORDERED.

COMPTON, C. J., and CHAVEZ, J., concur.

MOISE and NOBLE. JJ., not participating.