398 P.2d 263

STATE of New Mexico ex rel. Harry HOWELL, Relator,

v.

The Honorable Samuel Z. MONTOYA, District Judge of the First Judicial District, State of New Mexico, Respondent.

No. 7654.

Supreme Court of New Mexico.

Jan. 11, 1965.

**744**

Leonard C. Jones, Espanola, for relator.

Standley, Kegel, Campos & Cook, Santa Fe, for respondent.

NOBLE, Justice.

In this original proceeding, relator seeks to prohibit the district court from enforcing its order adjudging him to be in contempt.

An execution issued to enforce a judgment against defendant (relator) in cause numbered 7888, Rio Arriba County, was returned nulla bona. The judgment creditor then caused a subpoena to issue, pursuant to Rule 69 of the Rules of Civil Procedure (§ 21–1–1(69), N.M.S.A.1953), directing the judgment debtor (relator) to appear before the district court to be examined concerning his property and his ability to satisfy the judgment. Relator sought to disqualify Judge Montoya from presiding over the supplementary proceedings by filing an affidavit under § 21–5–8, N.M.S.A. 1953. Notwithstanding the court's ruling that the affidavit was not timely filed, relator refused to answer any questions and was found to be in contempt.

Relator recognizes that the disqualification affidavit must be filed before the court has acted judicially upon a material issue. State ex rel. Weltmer v. Taylor, 42 N.M. 405, 79 P.2d 937. But, relying on Hammond v. District Court of 8th Jud. Dist., 30 N.M. 130, 228 P. 758, 39 A.L.R. 1490, he contends that the supplementary proceeding under Rule 69 is a new and independent action; that the affidavit was

therefore timely filed; and that the judge lacked jurisdiction to proceed further. This controversy turns upon a proper construction of Rule 69.

■ In determining the intent expressed by the rule, it is usually advantageous to examine and analyze the history of prior legislation and court rules on the same or similar subject matter. Bradbury & Stamm Const. Co. v. Bureau of Revenue, 70 N.M. 226, 372 P.2d 808; Munroe v. Wall, 66 N.M. 15, 340 P.2d 1069; State v. Prince, 52 N.M. 15, 189 P.2d 993; 2 Sutherland Statutory Construction (3rd Ed.) § 5002.

A proceeding in aid of execution was first authorized in New Mexico by § 1, Ch. 88, Laws of 1909, which was re-enacted by the 1915 Code as § 2214. It was commenced by the issuance and service of a summons on the judgment debtor. That statute, however, not only demanded the judgment debtor's presence for an examination respecting his property and ability to satisfy the judgment, but further required that he "shall abide the order of the court regarding the applying of any property that he may have on said judgment in satisfaction thereof." Section 2214, therefore, not only authorized discovery of the debtor's assets, but, in addition, empowered the court to determine whether such assets might be subjected to satisfaction of the judgment. The supplementary proceeding, therefore, involved a determination by the court of is-

sues of both fact and law, new and different from those before the court in the principal case in which the judgment was rendered. It was this fact that formed the basis of the construction in Hammond v. District Court of 8th Jud. Dist., supra, that the supplementary proceeding authorized under § 2214 constituted a new and independent action even though brought in the same case in which the judgment was rendered.

Continuing with the history of the proceeding in aid of execution, we find that Ch. 129, Laws 1931, expressly repealed § 2214, Code 1915, and enacted an entirely new statute providing a different procedure. The prior requirement of securing jurisdiction in the supplementary proceeding through service of a new process by summons on the judgment debtor, as well as that authorizing a determination by the court regarding application of his property to satisfaction of the judgment, were omitted from the new act under which examination of the judgment debtor was directed by an order of the court from which the execution issued, permitting nothing more than discovery of the debtor's assets. Unlike § 2214, the 1931 act left enforcement of the judgment against discovered assets to other appropriate remedies.

Trial court rule 46-125, effective October 1, 1940, superseded the 1931 statute and it was, in turn, supplanted by Rule 69 of the Rules of Civil Procedure, effective December 1, 1949 (§ 21-1-1(69), N.M.S.A.1953).

Division (a) of Rule 69 was derived from Rule 69(a) of the Federal Rules of Civil Procedure and is identical therewith except for necessary changes in language to adapt the rule to state courts. The pertinent portion of division (b) reads:

"When a judgment for the payment of money has been entered by any district court * * *, the judgment creditor * * * may, in aid of the judgment or execution, examine any person, including the judgment debtor, touching the property of the judgment debtor and his ability to satisfy such judgment. For the purpose of such examination or examinations, the clerk of the district court shall, upon request of the judgment creditor * * *, issue a subpoena directing the person to be examined to appear before the district court * * *."

Provision is then made for taking the examination by depositions in lieu of one before the court, and the rule continues:

"Where such judgment was obtained by default, notice of taking depositions need not be given to the judgment debtor. In all other cases, notice of taking depositions shall be given to the judgment debtor or his attorney of record, * * *."

It is manifest that the supplementary proceeding contained in Ch. 129, Laws 1931, and that provided by Rule 69 differ in material aspects from § 2214, Code 1915, construed by this court in Hammond v. 8th Jud. Dist. Court, supra. That decision is clearly distinguishable upon the different language of Rule 69 and does not require it to be construed as providing a new and independent action.

■■ If the supplementary proceeding were a new and independent action, jurisdiction of the person of the judgment debtor could only be obtained by the service of a new process upon him. Under § 2214, Code 1915, jurisdiction was secured by service of the summons required by that statute. Rule 69, on the contrary, secures the attendance of the person desired to be examined as a witness by a subpoena, which is not an independent process, but issues only in connection with a pending action or proceeding. Goldberg v. Candy Products Co., 127 Misc. 455, 215 N.Y.S. 772. It is more precisely termed a subpoena ad testificandum. Catty v. Brockelbank, 124 N.J.L. 360, 12 A.2d 128; Commonwealth v. Wilson, 158 Pa. Super. 198, 44 A.2d 520, 522; State ex rel. Onishi v. Superior Court for King County, 30 Wash. 2d 348, 191 P.2d 703. The words "subpoena" and "summons" are not synonymous and ordinarily refer to distinct writs or processes. 97 C.J.S. Witnesses § 20, p. 371.

■ It is significant that the present rule, like the 1931 statute, limits the supple-

mentary proceeding to discovery. It is likewise important that the rule permits the examination not only of the judgment debtor but also of any other person for purposes of discovery of the debtor's assets. If the debtor is to be examined before the court, his presence is commanded by a subpoena, as in the case of requiring the presence of any witness in a pending case. Moreover, the testimony of either the judgment debtor or of any other person may be taken by written deposition, as in the case of discovery under the Rules of Civil Procedure. Such discovery procedures are not new or independent actions. In addition, if the testimony of a person other than the debtor himself is to be taken, only a simple notice to the debtor or his attorney of record is required, unless the judgment was rendered by default, in which event no notice to the judgment debtor is required. Considering all of the language of Rule 69, it is evident to us that a new or independent action is not contemplated, but that the supplementary proceedings authorized by it is only a continuation of the original case for the purpose of discovery in aid of the enforcement of the judgment.

Most states having a rule or statute similar to ours regard the proceeding in aid of execution as being in the original action and merely auxiliary and supplementary thereto. See Turner v. Holden, 109 N.C. 182, 13 S.E. 731; Arnold v. National Union of Marine Cooks & S. Ass'n, 42 Wash.2d

648, 257 P.2d 629; Sweeney v. Cregan, 89 Colo. 94, 299 P. 1058.

 It follows that relator's affidavit was not timely filed and that the alternative writ of prohibition was improvidently issued and must be discharged.

It is so ordered.

CARMODY, C. J., and COMPTON, J., concur.