491 P.2d 533

Fanny ATOL, Plaintiff-Appellee,

v.

Dante SCHIFANI, Defendant-Appellant.

No. 710.

Court of Appeals of New Mexico.

Oct. 29, 1971.

Rehearing Denied Nov. 12, 1971.

Second Rehearing Denied Nov. 22, 1971.

Certiorari Denied Dec. 2, 1971.

Arthur H. Coleman, Santa Fe, for appellant.

Leslie D. Ringer, Santa Fe, for appellee.

## OPINION

SUTIN, Judge. .

Schifani appeals from a judgment against him based on six promissory notes and one additional loan.

We reverse.

Schifani relies on three grounds for reversal: (1) the trial judge disregarded an affidavit of disqualification; (2) the trial court erred in proceeding to trial without the presence of Schifani and his attorney because the case was not ready for trial; and (3) the trial court erred in denying Schifani's motion for a new trial and to alter and amend judgment in the interest of justice.

1. *Did the Trial Court Legally Disregard the Affidavit of Disqualification?*

On January 17, 1968, the Atol complaint was filed and the case was assigned to Judge Samuel Z. Montoya. Schifani filed his answer in denial March 8, 1968. On February 3, 1969, Schifani, through a change of attorneys, filed a motion for leave to file an amended answer with a copy of the proposed amended answer attached which asserted affirmative defenses. On October 5, 1970, all attorneys

were notified that trial would take place November 10, 1970, before Judge James M. Scarborough. On November 5, 1970, Schifani filed an affidavit of disqualification of Judge Scarborough. On November 11, 1970, a judgment was entered for Atol against Schifani in which the affidavit of disqualification was rejected.

Prior to amendment, [see § 21–5–9, N.M. S.A.1953 (Repl. Vol. 4, Supp.1971)], §§ 21–5–8 and 21–5–9, N.M.S.A.1953 (Repl. Vol. 4) provided that the affidavit shall be filed against "the judge before whom the action or proceeding is to be tried and heard * * * not less than ten (10) days before the beginning of the term of court, if said case is at issue."

■ When is a case "at issue"? For purpose of disqualification, a "case is at issue" at that stage of procedure when an answer is filed which requires no further pleadings by the plaintiff. Notargiacomo v. Hickman, 55 N.M. 465, 235 P.2d 531 (1951). Compare State ex rel. Weltmer v. Taylor, 42 N.M. 405, 79 P.2d 937 (1938). "The pleadings are the formal allegations by the parties of their respective claims and defenses." Section 21–4–1, N.M.S.A.1953 (Repl. Vol. 4). The pleadings consist of a complaint, answer and, if necessary, a reply. A motion is not a pleading. Section 21–1–1(7) (a), (c), N.M.S.A.1953 (Repl. Vol. 4). Jacobson v. State Farm Mutual Automobile Ins. Co., 81 N.M. 600, 471 P.2d 170 (1970). This case was at issue under the disqualification statute on March 8, 1968, when the Schifani answer was filed. Notargiacomo v. Hickman, supra.

■■ Pursuant to Rule 83 of the Rules of Civil Procedure, [§ 21–1–1(83), N.M. S.A.1953 (Repl. Vol. 4)], the First Judicial District adopted District Court Rule 8 which provides in part that "the assignment of cases to the several judges of the district will be varied in accordance with the work load." This rule does not conflict with any statute or rule of the Supreme Court. See § 16–3–15, N.M.S.A. 1953 (Repl. Vol. 4). Inasmuch as the assignment can vary from time to time, if

Schifani desired to disqualify Judge Scarborough, he was required to file the affidavit not less than ten days before the beginning of that term of court which followed March 8, 1968. The two regular terms began the first Monday of March and the second Monday of September of each year as provided by Laws 1961, ch. 188, § 2 which was in effect during the year 1968, and thereafter repealed.

The affidavit, filed November 5, 1970, was late and was correctly rejected by the court. State v. Baca, 81 N.M. 686, 472 P.2d 651 (Ct.App.1970).

2. *Did the Trial Court err in Proceeding to Trial Without the Presence of Schifani or his Attorney Because the case was not Ready for Trial?*

The first point raised by Schifani under this issue is that the case was not ready for trial on November 10, 1970.

On February 3, 1969, Schifani filed a motion for leave to file an amended answer with a copy of the amended answer attached thereto, which contained seven affirmative defenses. The trial court never ruled upon this motion. In the judgment filed November 11, 1970, the trial court stated:

WHEREUPON defendant moved in open Court that the trial should not proceed for the additional reason that the cause is not at issue, inasmuch as there is pending defendant's Motion for Leave to File his Amended Answer. *The Court having heard the arguments of counsel finds that despite the pendency of such motion the cause remains at issue and that the trial should proceed as assigned.* [Emphasis added.]

■ Under Rule 15(a) of the Rules of Civil Procedure, [§ 21–1–1(15) (a), N. M.S.A.1953 (Repl. Vol. 4)], Schifani had the right to amend his answer by leave of court or by written consent of the adverse party. But leave shall be freely given when justice so requires. The motion to amend is addressed to the sound discretion of the trial court. If denied, the order is

subject to review for a clear abuse of discretion. Vernon Company v. Reed, 78 N.M. 554, 434 P.2d 376 (1967). In Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200 (1965), the court said:

The law has long recognized the principle that amendments to pleadings are favored, and that the right thereto should be liberally permitted in the furtherance of justice.

 The motion was filed February 3, 1969, twenty-one months before the argument was heard in court. We do not condone the practice of attorneys permitting motions to rest in peace. The disposition of motions is an important aspect of civil procedure and some reasonable time and place for hearing and disposition should be established by district courts. Section 21–1–1(78), N.M.S.A.1953 (Repl. Vol. 4). See also § 21–4–23, N.M.S.A.1953 (Repl. Vol. 4) where a motion may be considered denied or overruled after 30 days written notice to that effect after 90 days have expired from submission of the motion. The record in this case fails to show that either rule is applicable here.

The record clearly shows that defendant called the pendency of the motion to amend to the attention of the trial court, and that the trial court proceeded to trial despite the pendency of the motion. The pending motion sought to amend the issues to be tried. Since amendments to pleadings are favored and should be liberally permitted in the furtherance of justice, Martinez v. Research Park, Inc., supra, the trial court abused its discretion in proceeding to trial "despite the pendency of such motion." Atol contends the record fails to show any effort was made to get the motion to amend decided. In the circumstances here, where the trial court recognized the pendency of a motion directed to the issues to be tried and where Schifani was objecting to trial because the motion was pending, the trial court was sufficiently alerted to the fact that the motion should be disposed of. State ex rel. Lebeck v. Chavez, 45 N.M. 161, 113 P.2d 179 (1941); compare In re Stern's Will, 62 N.M. 411, 311 P.2d 385 (1957).

The trial court erred in not ruling on the motion to amend the answer of Schifani. After a ruling on the motion, the case may be set down for trial. It is unnecessary to decide Schifani's third point.

This case is remanded with direction to the trial court to rule on the motion to amend, and, thereafter, proceed with a new trial.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.

COWAN, J., not participating.