501 P.2d 1076

STATE of New Mexico, Plaintiff-Appellee,

v.

Edgar MILLICAN et al., Defendants-Appellants.

No. 910.

Court of Appeals of New Mexico.

Sept. 22, 1972.

William H. Carpenter, Mercer & Carpenter, Albuquerque, for defendants-appellants.

David L. Norvell, Atty. Gen., Ronald Van Amberg, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

COWAN, Judge.

Following their escape from the penitentiary honor farm in Los Lunas, New Mexico, defendants were charged with escape from custody of a peace officer, contrary to § 40A–22–10, N.M.S.A.1953 (2nd Repl. Vol. 6). They were sentenced to from one to five years and were also subjected to the penitentiary administrative punishment of forfeiture of accumulated "good time" under the sentences being served at the time of their escape. They appeal from the court's judgment and sentence.

We affirm.

Defendants now claim that the combinations of administrative punishment and judicial sentences following their pleas of guilty amount to double jeopardy in violation of the State and the Federal Constitution. This point is without merit. Administrative discipline of an escapee does not prohibit criminal prosecution for the escape nor do the two punishments constitute double jeopardy. United States v. Lepiscopo, 429 F.2d 258 (5th Cir. 1970); Hutchison v. United States, 450 F.2d 930 (10th Cir. 1971). A similar question was before this court in Washington v. Rodriguez, 82 N.M. 428, 483 P.2d 309 (Ct.App. 1971), where the court adopted the following rule:

"   .   .   .   prison disciplinary measures do not bar subsequent prosecution in a criminal action for violation of a penal statute prohibiting the same act which was the basis of the prison discipline .   .   ."

Defendants Millican, Taylor and James additionally argue that they were denied due process of law by their arrest in Arizona and being returned to New Mexico without warrant or waiver of extradition. They assert that the court lacked jurisdiction to try them because they had been illegally brought into the State. The law in New Mexico has long been to the contrary. The power of a court to try a person for a crime is not impaired by the manner with which he is brought within the court's jurisdiction. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); State v. Crump, 82 N.M. 487, 484 P.2d 329 (1971); State v. Ford, 81 N.M. 556, 469 P.2d 535 (Ct.App.1970); State v. Losolla, 79 N.M. 296, 442 P.2d 786 (1968); State v. Wise, 58 N.M. 164, 267 P.2d 992 (1954).

The judgments and sentences are affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.