518 P.2d 1225

STATE of New Mexico, Plaintiff-Appellee,

v.

Gary Lee BUDAU, Defendant-Appellant.

No. 1146.

Court of Appeals of New Mexico.

Dec. 5, 1973.

Certiorari Denied Jan. 8, 1974.

Sutin, J., dissented and filed opinion.

David L. Norvell, Atty. Gen., Jane E. Pendleton, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

Defendant was tried and convicted of "escape from penitentiary", § 40A–22–9, N.M.S.A.1953 (2d Repl.Vol. 6), when he left the confines of the prison honor farm at Los Lunas without permission. He appeals, asserting four points of error: (1) that the case should have been dismissed because he was not arraigned within 15 days after the indictment; (2) that the trial judge erroneously refused to honor an affidavit of disqualification; (3) that because he had already been punished administratively for his escape, this conviction constitutes double jeopardy; and (4) that § 40A–22–9, supra, is unconstitutional as it applies to escape from the prison honor farm.

We affirm.

(1) *The failure to arraign defendant within 15 days after indictment.*

Rule 37 of the New Mexico Rules of Criminal Procedure, § 41–23–37, N.M.S.A.1953 (2d Repl.Vol. 6, 1972 Spec. Supp.), provides in part:

"(a) Arraignment. The defendant shall be arraigned on the information or indictment within fifteen [15] days after the date of the filing of the information or indictment or the date of arrest, whichever is later."

Defendant was arrested and returned to New Mexico on August 29, 1972, indicted on October 4, 1972, and arraigned on November 30, 1972, trial was held on December 5, 1972. He argues that the language of the rule is mandatory and that "[f]ailure of the State to comply should have resulted in dismissal of the charges." We do not agree. The provisions for dismissal of an indictment because of failure to comply with the time limitations in Rule 37 are set out in subsection (d) of that

Robert J. Laughlin, Belen, for defendant-appellant.

rule and mention only the failure to comply with the six month time period in which a defendant must be brought to trial established by Rule 37(b). The provisions for extensions of time in Rule 37(c) relate to extensions of the 37(b) time period. Accordingly, we cannot conclude that the language of the rule automatically compels dismissal when a defendant is not arraigned within the fifteen day period.

Arraignment under New Mexico law is not an indispensable stage in a criminal proceeding. State v. Klasner, 19 N.M. 474, 145 P. 679 (1914). "The purposes of an arraignment are to establish the identity of defendant, to inform him of the charge against him, and to give him an opportunity to plead to the charge." State v. Parker, 80 N.M. 551, 458 P.2d 803 (Ct.App. 1969), cert. denied, 80 N.M. 607, 458 P.2d 859 (1969). An order appointing an attorney to represent defendant was entered on October 5, 1972 and said attorney was sent notice on November 22, 1972 of the date of arraignment. On the date set defendant appeared in person with his attorney. The indictment was read to the defendant and a copy given to his attorney. No question as to the defendant's identity was raised or that he did not understand the charge against him. Defendant's sole objection was that the arraignment was not within the time required under the Rules of Criminal Procedure. When asked by the trial court to plea, his attorney answered not guilty. All of the purposes of the arraignment were fulfilled.

■ Furthermore, defendant makes no showing that his defense was prejudiced in any way by the delay. Without such a showing or some question as to his identity or that he did not understand the charge against him a technical violation of Rule 37(a) will not result in a dismissal of the charges.

## (2) The affidavit of disqualification.

■ Defendant filed an affidavit of disqualification seeking to bar the trial judge from sitting on December 4, 1972, one day before trial. As stated above the judge had earlier presided over defendant's arraignment and at the arraignment had ruled on defendant's motion to dismiss the indictment for failure to arraign defendant within 15 days. It is well settled that an affidavit of disqualification is not timely filed if the judge to be disqualified has performed any judicial act in the case prior to the filing of the affidavit. State ex rel. Howell v. Montoya, 74 N.M. 743, 398 P.2d 263 (1965); State v. Hester, 70 N.M. 301, 373 P.2d 541 (1962). As was stated in State v. Armijo, 39 N.M. 502, 50 P.2d 852 (1935): ". . . a litigant cannot experiment with the judge presiding over the case, and, upon encountering an adverse ruling, conclude to file his affidavit of prejudice." We are mindful that all of the three cases just cited were decided prior to the enactment of § 21–5–9, N.M. S.A.1953 (Repl.Vol. 4) which was in force at the time here in question. Nevertheless, the changes made in this section from prior enactments did not affect the validity of this rule. The trial judge's presiding over defendant's arraignment and ruling on his motion to dismiss constituted judicial acts within the scope of this rule. The affidavit of disqualification was not timely filed.

## (3) The double jeopardy claim.

■ Defendant argues that he has already been punished administratively for his escape and that the instant conviction under § 40A–22–9, supra, thereby constitutes double jeopardy. There is nothing in the record to support his claim of administrative punishment because the trial court refused to hear evidence on this point. Assuming without deciding that some administrative sanctions have been levied against defendant for his escape, this conviction does not constitute double jeopardy. We have previously decided this precise issue in State v. Millican, 84 N.M. 256, 501 P.2d 1076 (Ct.App.1972).

(4) *The constitutionality of § 40A–22–9, supra.*

 Defendant argues that the application of § 40A–22–9, supra, to escapees from the prison honor farm constitutes cruel and unusual punishment because of the difference in facilities at the farm compared with the state penitentiary. He appears to contend that because it is easier to escape from the prison farm than from the penitentiary and because the statute requires punishment as a second degree felony for both escapes that such punishment is cruel and unusual. We find no merit in this contention. By its terms the statute applies both to the penitentiary, § 40A–22–9(A), supra, and to ". . . any other lawful place of custody . . .", § 40A–22–9(B), supra. Even if it did not ". . . the prison honor farm is an integral part and parcel of the state penitentiary, and escape therefrom is an escape from the state penitentiary." State v. Peters, 69 N.M. 302, 366 P.2d 148, cert. denied, 369 U.S. 831, 82 S.Ct. 849, 7 L.Ed.2d 796 (1961). The sentence imposed by the trial court was within the limits of a second degree felony. § 40A–29–3(B), N.M. S.A.1953 (2d Repl.Vol. 6). The fixing of penalties is a legislative function. State v. Sublett, 78 N.M. 655, 436 P.2d 515 (Ct. App.1968).

The judgment and sentence is affirmed.

It is so ordered.

LOPEZ, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

A. *Affidavit of Disqualification was Effective.*

Section 21–5–9, N.M.S.A.1953 (Repl.Vol. 4, Supp.1973) provides:

The affidavit of disqualification *shall* be filed within ten (10) days *after the cause is at issue* or within ten (10) days *after the time for filing a demand for jury trial has expired,* whichever is the later. [Emphasis added].

In civil cases, a case is at issue at that stage of procedure when an answer is filed which requires no further pleadings by the plaintiff. Atol v. Schifani, 83 N.M. 316, 491 P.2d 533 (Ct.App.1971). Procedure-wise, a plea of not guilty is the same as an answer.

This cause was at issue on November 30, 1972 when defendant pleaded not guilty. The affidavit of disqualification was filed December 4, 1972, four days after the cause was at issue. This affidavit was timely filed and the trial judge was disqualified.

In criminal cases, the defendant is not required to file a demand for jury trial. "Criminal cases required to be tried by jury shall be so tried unless the defendant, in writing, waives a jury trial with the approval of the court and the consent of the state." Section 41–23–38 (Rule 38), N.M. S.A.1953 (2d Repl.Vol. 6, 1973 Supp.). It is doubtful whether the "demand for jury trial" part of the statute is applicable to criminal cases under the new Rule 38.

Before amendment, § 21–5–9, N.M.S.A. 1953 (Repl.Vol. 4) read as follows:

Such affidavit shall be filed not less than ten (10) days before the beginning of the term of court, if said case is at issue.

The cases cited in the majority opinion were decided under this statute.

Under the former statute, if the case was at issue, the affidavit had to be filed not less than ten days *before the beginning of the term of court.* The amended statute requires the affidavit to be filed within ten days *after the cause is at issue.* The purpose of the amended statute is obvious. It speeds the time limit for filing the affidavit. It fixes a definite time and deletes the uncertainty of "the beginning of the term of court".

When the affidavit was filed, the trial court had no jurisdiction to act in the case, unless the disqualification was waived. Waiver may be accomplished by requesting

a continuance of trial. State v. Latham, 83 N.M. 530, 494 P.2d 192 (Ct.App.1972).

In the instant case, the defendant did not waive disqualification. The affidavit was filed December 4, 1972. The trial began the following day, December 5, 1972. The record does not disclose any notice of date of trial. It was five days after arraignment. On the morning before trial began, the defendant objected to the court proceeding in face of the affidavit of disqualification. The court said: "Let's proceed."

The trial court lacked jurisdiction to proceed. Having proceeded with trial, reversible error occurred.

### B. The Failure to Arraign Defendant Within Time Limit of Rule Was Erroneous.

Rule 37(a) set forth in the majority opinion is unique. It provides that the defendant *shall* be arraigned within 15 days after the date of the indictment. This is a mandatory rule. It has no relationship to the remaining subsections of Rule 37 which deal with "time for commencement of trial". Rule 37(a) does set a time limit for arraignment. In this case, arraignment took place 56 days after the indictment was filed. These 56 days do not reduce the time for commencement of trial.

The commentary on this rule does not explain its purpose or the penalty for its violation. It merely states that Rule 37(a), (d) and (e) are substantially the same as Federal Rule 45 (Alternative No. 2) as proposed to be amended by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States. We do not have access to this information.

The burden of setting time for arraignment is placed on the State, not the defendant. The burden of showing why arraignment was delayed rests on the State, not the defendant. The long delay between indictment and arraignment ". . . is unusual and calls for explanation as well as justification . . ." by the State. United States v. Strunk, 467 F. 2d 969 (7th Cir. 1972), reversed and dismissed for failure to give defendant a speedy trial, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973).

On the morning before trial, defendant moved to dismiss for failure to arraign within 15 days. The motion was denied. Was denial within the discretion of the trial court without a hearing? The violation of a mandatory rule by the State is not a "technical" violation. Mandatory rules of civil and criminal procedure should not be degraded, as they have been in some instances, by terming the violation "technical."

What rights are defendants denied when the State delays arraignment—the right to plea bargaining? The right to seek and obtain witnesses? The right to prepare for trial? Is prejudice presumed until the State shows justification? The least the defendant is entitled to is a hearing (1) for explanation and justification by the State; (2) to show lack of prejudice, if any, caused by the delay. The most defendant is entitled to is dismissal. I leave the answer to the Supreme Court.