520 P.2d 1091

**Richard GRAY, Petitioner,**

v.

**Rozier E. SANCHEZ and Harry E. Stowers, Jr., District Judges, Second Judicial District, State of New Mexico, and all other Judges of the Second Judicial District, Respondents.**

**Willie E. ROBERTSON, Petitioner,**

v.

**Honorable Maurice SANCHEZ, Judge of the District Court, Second Judicial District, Respondent;**

**FURR'S INC., Real Party in Interest.**

**Nos. 9833, 9853.**

Supreme Court of New Mexico.

Feb. 1, 1974.

Supplemental Opinion on Rehearing
April 12, 1974.

Montoya, J., concurred specially and filed opinion.

Marchiondo & Berry, P. A., Mary C. Walters, Albuquerque, for Gray.

David L. Norvell, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for Sanchez and Stowers.

Aldridge & Pearlman and John S. Campbell, Albuquerque, for Robertson.

Rodey, Dickason, Sloan, Akin & Robb, P. A., William A. Sloan, Robert G. McCorkle and John P. Burton, Albuquerque, for Sanchez.

## OPINION

McMANUS, Chief Justice.

The two prohibition proceedings, the subject of this opinion, were heard separately, but because of similar issues both matters will be disposed of in this consolidated opinion. The first, Gray v. Sanchez, et al., No. 9833, will be referred to as Gray. The second, Robertson v. Sanchez, et al., No. 9853, will be referred to as Robertson.

In Gray, an indictment was returned on July 17, 1973, wherein defendant-petitioner was charged with the crimes of murder and assault with a deadly weapon. At his arraignment on August 20, 1973, he pled not guilty and, on August 31, following, petitioner filed affidavits of disqualification (affidavits) against all district judges of the Second Judicial District of New Mexico. On September 4, 1973, petitioner appeared at a hearing before Judge Rozier E. Sanchez of the Second Judicial District who refused to recognize the affidavits. On September 10, 1973, petitioner appeared at a calendar call in the court of Judge Harry E. Stowers, also of the Second Judicial District, who on September 11, 1973 entered an order dishonoring the affidavit as to himself. Petitioner is now asking this Court for a writ of prohibition against the enforcement of either of the orders entered above by the named judges

or any other judge of the Second Judicial District.

The petition for a writ of prohibition can summarily be discharged since none of the affidavits of petitioner were timely filed, having been filed more than ten days after the cause was at issue.

Section 21–5–9, N.M.S.A.1953 (Supp.1973), provides that an afffidavit must be filed within ten days after the cause is at issue (or within ten days after the time for filing a demand for jury trial has expired, whichever is later. In the criminal cause before us we are not concerned with the latter). The question then becomes: When is a criminal case at issue? In a civil case, "a case is at issue at that state of procedure when an answer is filed which requires no further pleadings by the plaintiff." Atol v. Schifani, 83 N.M. 316, 318, 491 P.2d 533, 535 (1971). Extending this definition into the criminal arena, a case is put at issue when a defendant "answers" by appearing at his arraignment. In the present case, the petitioner did not file the affidavits until eleven days after he was arraigned; therefore, under the provisions of § 21–5–9 supra, such affidavits were not timely filed.

Even if the affidavits had been timely filed, petitioner's attempted blanket disqualification of all judges of the Second Judicial District was clearly improper.

Section 21–5–8, N.M.S.A.1953 (Repl. Vol. 4, 1970) provides:

"Whenever a party to any action or proceeding, civil or criminal, including proceedings for indirect criminal contempt arising out of oral or written publications, except actions or proceedings for constructive and other indirect contempt or direct contempt, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried and heard, whether he be the resident judge or a judge designated by the resident judge, except by consent of the parties or their counsel, cannot, according to the belief of the party making the affidavit, preside over the action

or proceeding with impartiality, that judge shall proceed no further. Another judge shall be designated for the trial of the cause, either by agreement of counsel representing the respective parties, or upon the failure of counsel to agree, then the fact of the disqualification and failure to agree upon another judge shall be certified to the chief justice of the Supreme Court of New Mexico, and the chief justice shall designate the judge of some other district to try the cause."

■ In interpreting this statutory clause, Beall v. Reidy, 80 N.M. 444, 447, 457 P.2d 376, 379 (1969), held that "§ 21–5–8, supra, authorizes the disqualification of *only one judge* by a party and that judge is the one *before whom the case is to be tried.*" (Emphasis added.) In the present case, petitioner, at the time of attempted disqualification, did not know the name of the judge before whom the cause would be tried. Therefore, petitioner's action should have been to file a provisional affidavit of disqualification against the judge whom he honestly believed could not preside over the cause with impartiality. See Notargiacomo v. Hickman, 55 N.M. 465, 469, 235 P.2d 531, 534 (1951). In Beall v. Reidy, supra, at 448 of 80 N.M., at 380 of 457 P.2d it was stated:

"We recognize that, in multi-judge districts, motions and preliminary matters may be heard by a judge other than the judge before whom the case is to be tried. In such situations, a party needs to know the name of the judge before whom the case is to be tried and needs that information early in the litigation. This knowledge is needed so that a party has opportunity to exercise his right under § 21–5–8, supra, (a) before the judge before whom the case is to be tried has exercised his judicial discretion, and (b) within the time provided by § 21–5–9, N.M.S.A.1953. Accordingly, it is incumbent upon the judges in multi-judge districts to provide, by rule, a method by which the party may know the name of the judge before whom the case is to be tried and may know that name before the right to disqualify under § 21–5–8, supra, has been lost."

■ In response to this direction for a rule which would clarify the disqualification situation, the judges of the Second Judicial District have amended their Rules of Criminal Procedure, at Section VII thereof to read as follows:

"SECTION VII—Disqualification of Judges.

"At the time of arraignment of each criminal case, the Defendant will be advised of the names of the Judges assigned to the Criminal Docket at the time the case is scheduled for trial.

"1. Within ten (10) days of the date of arraignment, the Defendant must file a Provisional Affidavit of Disqualification which disqualifies the Judge before whom he does not want the case tried.

"2. At the time the case comes up for trial if the case is scheduled for trial before the Judge who has been disqualified, the case will be placed for trial before the next available Judge.

"If the Defendant files more than one Affidavit of Disqualification or names more than one Judge in his Affidavit of Disqualification the first Judge before whom the case is set whose name appears on that Affidavit will accept the Affidavit as to him and the case will be immediately set before the next available Judge."

We are in agreement with this amendment.

Through adherence to this new rule, the remedy of provisional disqualification should prove to adequately protect the statutory right of disqualification. We urge that the judges of the Second Judicial District respond with a rule which will similarly cover civil cases.

In Robertson, a suit was brought in the District Court of the Second Judicial District to recover damages in a negligence action. Plaintiff-petitioner attempted to disqualify Judge Maurice Sanchez, re-

spondent, from hearing defendant's objections to petitioner's interrogatories by filing a statutory affidavit of disqualification under § 21–5–8, supra. We hold that the proposed disqualification will not be allowed since it likewise was untimely filed and the discussion and holding in this regard in Gray will apply here.

The events in Robertson transpired as follows: On December 19, 1972, petitioner filed suit against Furr's Inc., defendant, alleging that defendant's negligence caused petitioner damage. The case was assigned to Judge Joseph F. Baca of the Second Judicial District. On January 29, 1973, defendant filed its answer. On February 8, 1973, defendant filed a demand for a jury trial. On July 1, 1973, respondent took office and on August 1, 1973 notice was given that respondent was assigned to hear motions in civil jury cases. On October 3, 1973, defendant filed objections to interrogatories submitted by petitioner. On October 15, 1973, petitioner filed the affidavit directed at respondent.

■ Respondent contends that there are two reasons why petitioner's affidavit is faulty. The first is that § 21–5–8 supra, is applicable only to the judge before whom the case is to be tried *on the merits*. We agree. To the extent that State v. Armijo, 39 N.M. 502, 50 P.2d 852 (1935), and any cases which follow Armijo, are contra, they are hereby overruled.

■■ The second contention of respondent is that the affidavit was not timely filed. We agree. As stated in Gray, § 21–5–9, supra, requires that the affidavit must be filed in this instance, within ten days after the time for filing a demand for jury trial has expired. Thus petitioner should have filed her affidavit in mid-February, 1973, instead of October, 1973, even though respondent did not take office until July, 1973. This result may seem unduly harsh but it is consistent with the clear provisions of the statute.

For the reasons above stated the two writs of prohibition heretofore issued are hereby quashed.

It is so ordered.

OMAN, STEPHENSON and MARTINEZ, JJ., concur.

MONTOYA, J., concurring specially.

MONTOYA, Justice (concurring specially):

I concur in the result of the opinion prepared by the Chief Justice, but only on the grounds that the affidavits of disqualification in both cases were not timely filed and, therefore, did not effectively serve to disqualify the respondents in both of the cases which are the subject of prohibition proceedings before this court. It is my belief that the opinion need not go any further since the holding of untimely filing of the affidavits is enough to completely resolve the issues presented.

I disagree with the majority in what I consider to be obiter dicta in their holding that the provisions of § 21–5–8, N.M.S.A., 1953 Comp. (Repl. Vol. 4, 1970), are applicable only as to the judge before whom the case is to be tried on the merits. I further disagree with the majority's action in overruling State v. Armijo, 39 N.M. 502, 50 P.2d 852 (1935), and all other cases which follow that decision.

The majority, I feel, have misinterpreted the statute by disregarding the words "before whom the action * * * is to be *tried and heard*" and the meaning of the word *"trial"* by deciding that the statute applies only to the judge before whom the case is to be tried on the merits. (Emphasis added.) The meaning and significance of the above-quoted language was well defined and properly interpreted in State v. Armijo, supra, which the majority in this opinion have summarily overruled. We have consistently followed that opinion. See State ex rel. Weltmer v. Taylor, 42 N.M. 405, 79 P.2d 937 (1938); State ex rel. Lebeck v. Chavez, 45 N.M. 161, 113 P.2d 179 (1941); State v. Hester, 70 N.M. 301, 373 P.2d 541 (1962); State ex rel. Howell v. Montoya, 74 N.M. 743, 398 P.2d 263 (1965). In Armijo, supra, in considering the timeliness of the filing of an affidavit, although some action had already been taken by the trial judge by the consent of all parties, in dis-

cussing the meaning of the statute of disqualification and the time in which it is to be exercised, we said (39 N.M. at 506, 50 P.2d at 854–855):

"We have, therefore, by the terms of section 2 of our statute, a time limit for filing of affidavits in cases to be tried at a term of court, whether such cases be civil or criminal. We can also see by the wording of section 2 of this statute that the Legislature contemplated such being at issue before the affidavit of disqualification was filed. This does not necessarily contemplate, as contended for by relator, that an appearance, all pleadings, motions, etc., which are necessary to bring a case to issue shall have been submitted before the filing of the affidavit. On the contrary, we believe that under chapter 184, a litigant cannot experiment with the judge presiding over the case, and, upon encountering an adverse ruling, conclude to file his affidavit of prejudice. The affidavit must be directed at the judge 'before whom the action or proceeding is to be tried or heard.' Section 1. A hearing is contemplated. Whether such hearing be on a motion, demurrer, plea, or answer is immaterial. It is a hearing on an 'issue.' In a broad sense, a hearing includes every step therein where the judge is called upon to rule for or against any party to the cause. It is the judicial examination of the 'issue' in the broad sense that is contemplated by chapter 184.

"We hold that an affidavit of prejudice is timely made if filed and called to the attention of the court before it has made any ruling on any litigated or contested matter whatsoever in the case, either on a motion, demurrer, or plea of the party making the affidavit, or on the motion, demurrer, or plea of any other party to the action, of the hearing of which the party making the affidavit has been given notice, otherwise it is not timely made. We cannot permit a litigant to test the mind of the trial judge like a boy testing the temperature of the water in the pool with his toe, and if found to his liking, decides to take a plunge. The plunge into the pool of litigation with an affidavit disqualifying the trial judge must be made on a belief of prejudice theretofore entertained, and not on any subsequent discovery of such belief of prejudice resulting from an adverse ruling."

The same reasoning and holding should apply to the instant case.

We have held that the right to disqualify judges is a substantive right. Beall v. Reidy, 80 N.M. 444, 457 P.2d 376 (1969). The majority, in their opinion, have approved the disqualification rule adopted by the Second Judicial District Court applicable to criminal cases, even though the rule is not before us in the cases decided by their opinion. The rule is not a part of the record and its applicability, or even its compliance with the disqualification statute, was not in issue in the instant case.

It does not appear to this writer to be judicious on our part to approve any procedure which effectively prevents or even dilutes the exercise of a substantive right. The disqualification statute does not say "any one of so many judges" that might try the case, but says "* * * the judge before whom the action or proceeding is to be tried and heard, * * *." If the present system of disposing of cases in the Second Judicial District inhibits or in any way interferes with the substantive right of a litigant to disqualify a judge, as set forth in the statute, then the latter right must prevail. Otherwise, the statutory right is more illusory than real. In any event, the remedy is to be sought from the legislature and should not be attained by judicial fiat or rule.

In view of the foregoing, I concur in the result but only on the basis of the untimely filing of the affidavits of disqualification.

### SUPPLEMENTAL OPINION

McMANUS, Chief Justice.

This court on February 1, 1974, issued its combined opinion in Gray v.

Sanchez, No. 9833, and Robertson v. Sanchez, No. 9853. One issue raised in the Gray case, supra, was not covered in the opinion filed, and this supplemental opinion concerns only that issue. This issue urged by Gray was that the order entered in his case pursuant to Rule 28, New Mexico Rules of Criminal Procedure [§ 41–23–28, N.M.S.A.1953 (Supp.1973)] was beyond the jurisdiction of the court because of its failure to copy into the order subsection (c) of that rule. This subsection contains exceptions. Further Gray alleges that Rule 28 is an unconstitutional violation of the Fifth Amendment to the Constitution of the United States. These arguments are without merit.·

It is so ordered.

OMAN, STEPHENSON, MONTOYA and MARTINEZ, JJ., concur.