538 P.2d 802

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Anthony E. PADILLA, Defendant-Appellant.**

**No. 1741.**

Court of Appeals of New Mexico.
July 9, 1975.

Certiorari Denied Aug. 5, 1975.

James E. Thomson, Zinn & Donnell, Santa Fe, for defendant-appellant.

Tony Anaya, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

Defendant appeals his jury conviction and sentence for robbery while armed with a deadly weapon in violation of Section 40A–16–2, N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1973), and of battery in violation of 40A–3–4, N.M.S.A.1953 (2d Repl. Vol. 6). He alleges three points of error. We affirm.

The facts pertinent to defendant's points of error will be set forth in the discussion of each point.

POINT I: "THE COURT ERRED AND ABUSED ITS DISCRETION IN PROHIBITING EVIDENCE SUPPORTING DEFENDANT'S DEFENSE OF INSANITY."

The answer to this point is factual. Defendant abandoned any attempt to introduce evidence on the issue of insanity.

Defendant notified the state pursuant to R.Cr.P. 35(e), § 41–23–35(e), N.M.S.A. 1953 (2d Repl. Vol. 6, 1972, Supp.1973), that he intended to call an expert witness on the issue of capacity to form specific intent. Defendant never gave notice pursuant to R.Cr.P. 35(a), § 41–23–35(a), N.M.S.A.1953 (2d Repl. Vol. 6, 1972, Supp. 1973). Nevertheless, in his opening statement to the jury, defendant said that he intended to show through expert testimony that he was incapable at the time of the acts to distinguish between right and wrong. The state objected and the court sustained the objection. Defendant stated that he should be entitled to raise the defense of insanity because it is a matter of degree which defense would be raised and that he was being denied his constitutional right to call witnesses on his behalf. Defendant alerted the court to his intention to make an offer of proof on the question of insanity.

On appeal defendant contends that the state actually had notice that he would raise the defense of insanity. He never brought this alleged fact to the attention of the trial court. R.Evid. 103, § 20–4–103, N.M.S.A.1953 (Repl. Vol. 4, 1970, Supp. 1973), and R.G.A. 11, § 21–12–11, N.M.S.A. 953 (Inter.Supp.1974), preclude the defendant from raising this ground for reversal on appeal.

In addition, defendant never made an offer of proof on the issue of insanity. Indeed, one of his experts was unable even to give an opinion on whether or not defendant was able to form the specific in-

tent necessary for the crimes for which defendant stood charged. Under the circumstances of this case, defendant abandoned his defense of insanity.

POINT II: "THE TRIAL COURT ERRED IN STRIKING DEFENDANT'S DISQUALIFICATION OF HIM."

Section 21–5–9, N.M.S.A.1953 (Repl. Vol. 4, Supp. 1973), provides:

"The affidavit of disqualification shall be filed within ten [10] days after the cause is *at issue* or within ten [10] days after the time for filing a demand for jury trial has expired, whichever is the later [sic]." [Emphasis Ours.]

 A criminal cause is "at issue" when the defendant enters a plea. *Gray v. Sanchez,* 86 N.M. 146, 520 P.2d 1091 (1974); *Territory v. Gonzales,* 13 N.M. 94, 79 P. 705 (1905); *United States v. Aurandt,* 15 N.M. 292, 107 P. 1064 (1910). The case was originally set for jury trial by the trial court on July 30, 1973. It was continued at the request of defendant's counsel to September 10, 1973. Defendant's affidavit of disqualification was not filed until November 21, 1973. It was not timely; and the trial court committed no error in striking it. *Gray v. Sanchez, supra.*

POINT III: "THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS AND VACATE."

 This point does not merit our consideration. Defendant's argument is less than clear and he cites no authority either to support the argument or to give us a hint as to what he is arguing. Accordingly, we consider the point abandoned. R.G. A. 9, § 21–12–9, N.M.S.A.1953 (Inter. Supp.1974); see *Novak v. Dow,* 82 N.M. 30, 474 P.2d 712 (Ct.App.1970); *Petritsis v. Simpier,* 82 N.M. 4, 474 P.2d 490 (1970).

The judgment and sentence below are affirmed.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.