682 P.2d 197

**PUEBLO OF LAGUNA,**
Petitioner-Appellee

v.

**CILLESSEN & SON, INC. and William
G. Barber & Associates, Inc.,**
Respondents-Appellants.

No. 14731.

Supreme Court of New Mexico.

May 30, 1984.

Toulouse, Toulouse & Garcia, James R. Toulouse, Roy F. Miller, Jr., Hartley B. Wess, Albuquerque, for respondents-appellants.

Nordhaus, Haltom & Taylor, Lester K. Taylor, Albuquerque, for petitioner-appellee.

## OPINION

SOSA, Senior Justice.

This matter arose after Laguna Pueblo (Laguna) petitioned the district court to compel consolidation of arbitration proceedings arising out of two contracts.

The controlling issues on appeal are whether an affidavit of disqualification of a judge was properly denied as untimely by the district court and whether the court erred in consolidating separate arbitration proceedings. We reverse and remand.

Laguna entered into separate contracts with respondents William G. Barber & Associates, Inc. (Barber) and Cillessen and Son, Inc. (Cillessen) to design and construct a health care facility. Each contract provided that all claims arising under it would be subject to arbitration. After the project was completed, disputes arose regarding problems with the exterior walls of the facility and related problems.

On June 15, 1982, Laguna initially petitioned the district court to consolidate arbitration proceedings against Cillessen and Barber pursuant to the arbitration clauses contained in its contract with each party. On August 27, 1982, Laguna filed its first amended petition to consolidate. Cillessen filed a response to Laguna's initial petition on August 30, 1982. On August 31, Laguna filed a second amended petition to consolidate. Cillessen filed an affidavit of dis-

qualification of judge on October 26, which affidavit was denied as untimely by the district court. Cillessen filed a response to Laguna's second amended petition on November 1, 1982.

■ The provisions governing the timely filing of affidavits of disqualification [1] are set forth at NMSA 1978, Section 38–3–10. This section provides that the affidavit "shall be filed within ten days after the cause is at issue or within ten days after the time for filing a demand for jury trial has expired, or within ten days after the judge sought to be disqualified is assigned to the case, whichever is the later."

■ A case is deemed "at issue" when an answer is filed which requires no further pleadings by the plaintiff. *Atol v. Schifani,* 83 N.M. 316, 491 P.2d 533 (Ct. App.1971); *see also Gray v. Sanchez,* 86 N.M. 146, 520 P.2d 1091 (1974). Cillessen argues that its affidavit was timely since the cause was not placed in issue until November 1, 1982, the date Cillessen filed its response to Laguna's second amended petition of August 31. Laguna maintains that Cillessen's first response on August 30, 1982 to Laguna's initial consolidation petition effectively put the cause at issue.

■ Laguna's argument ignores the fact that two subsequent amendments were required to cure defects in the designation of the Barber business name which had appeared in Laguna's initial petition to consolidate. Absent these amendments, Barber would not have been formally included as a party. Laguna's first and second amended petitions were thus required to effectively add Barber as the crucial third party to Laguna's proposed consolidated arbitration between itself, Cillessen and Barber. As such, the action to consolidate was not placed at issue until November 1, 1982, the date Cillessen filed its response to Laguna's second amended petition. Cillessen's

1. The October 26, 1982 affidavit by which petitioner Laguna sought to disqualify district judge Jack Love was filed prior to our opinion in *State ex rel. Gesswein v. Galvan,* 100 N.M. 769, 676 P.2d 1334 (1984), and prior to the March 5, 1984 effective date of the new disqualification provisions found at NMSA 1978 Civ.P. Rules 88 and 88.1 (Adv.Ann. April 1984). Our recent opinion and new rules are thus inapplicable to this case.

October 26, 1982 affidavit of disqualification was filed within the requisite ten day period under Section 38–3–10 and was therefore timely. The district court erred in failing to honor the disqualification.

 Since the district court was properly disqualified, it had power only to perform mere formal acts subsequent to the disqualification. *State v. Compton,* 57 N.M. 227, 239, 257 P.2d 915, 923 (1953). After the affidavit of disqualification was filed, the judge had no jurisdiction to act in matters involving the exercise of his discretion. *See State v. Compton,* 57 N.M. at 239, 257 P.2d at 923; *State ex rel. Pacific Employer's Insurance Co. v. Arledge,* 54 N.M. 267, 268, 221 P.2d 562, 563 (1950). Its subsequent consolidation order was therefore without legal effect. Nevertheless, we address the propriety of consolidating the separate Cillessen and Barber arbitration proceedings on the merits since the question is one of first impression in this state and one which will arise in subsequent proceedings after remand in this case.

The narrow issue we address is whether a trial court may consolidate separate arbitration proceedings absent an agreement among all the parties to the proposed consolidation.

Barber and Cillessen entered into separate contracts with Laguna for architectural and general contracting services, respectively. While the two contracts differ substantially in their terms and scope, they do contain similar arbitration clauses binding upon the parties to each agreement. Laguna's agreement with Barber provides in relevant part that the "claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining." The Laguna-Cillessen contract states the "claims or disputes arising out of this Contract or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American

Arbitration Association then obtaining unless the parties mutually agree otherwise."

Cillessen asserts the district court's action in consolidating the arbitration action between it and Laguna with the dispute between Barber and Laguna had no basis either in the agreements of the parties or in any applicable statutory provisions. Laguna argues the district court properly consolidated since the two disputes arose out of a single transaction and involved common questions of law and fact.

 Under the New Mexico Uniform Arbitration Act (Act), NMSA 1978, Sections 44–7–1 to 44–7–22, New Mexico courts have jurisdiction to compel arbitration where an agreement to arbitrate is found. §§ 44–7–1, 44–7–2 and 44–7–17; *Bernalillo County Medical Center Employees' Ass'n v. Cancelosi,* 92 N.M. 307, 587 P.2d 960 (1978). Courts are to interpret the provisions of arbitration agreements by the rules of contract law and are to apply the plain meaning of the language utilized, *Christmas v. Cimarron Realty Co.,* 98 N.M. 330, 332, 648 P.2d 788, 790 (1982), in order to give effect to the agreements struck by the parties. *See Hopper v. Reynolds,* 81 N.M. 255, 261, 466 P.2d 101, 107 (1970). The terms of the arbitration agreement set forth the parameters concerning the matters to be arbitrated. *See Christmas; Bernalillo County Medical Center Employees' Ass'n.*

 There can be no question under these contracts that the proper forum for the resolution of disputes is before an arbitrator. However, neither the provisions quoted, nor any other clauses in either contract provide for the arbitration of disputes other than those arising between the parties to each contract. The record indicates that the Construction Industry Arbitration Rules of the American Arbitration Association referenced in each arbitration clause, and incorporated in the two contracts, make no provision for any consolidation of third party disputes to arbitration proceedings. There is thus no privity or agreement to arbitrate between Barber and Cil-

lessen. There is also no evidence that the parties to each contract subsequently entered into an agreement to consolidate arbitration of disputes with third parties. Lastly, the American Arbitration Association indicated in its notice to the parties its policy of refusing to consolidate "[a]bsent mutual agreement of all parties, or applicable contractual provisions authorizing joint arbitrations, or an order from an appropriate court * * * "

The plain meaning of the contractual language here indicates that the parties did not comtemplate consolidated arbitration. The district court here could only enforce what the parties set out in their respective agreements. *See Hopper v. Reynolds.* Had all three parties agreed to some form of consolidation, the district court clearly could have given effect to this decision. Absent such an agreement, the district court had no power to compel a consolidated arbitration. Our conclusion here is in accord with the views of a majority of jurisdictions which have considered the propriety of ordering consolidated arbitration absent agreement of all concerned parties. *Consolidated Pacific Engineering, Inc. v. Greater Anchorage,* 563 P.2d 252, (Alaska 1977); *W.J. Megin, Inc. v. State,* 181 Conn. 47, 434 A.2d 306, (1980); *Louisiana Stadium and Exposition District v. Huber, Hunt & Nichols, Inc.,* 349 So.2d 491 (La. App.1977); *Stop & Shop Companies, Inc. v. Gilbane Bldg. Co.,* 364 Mass. 325, 304 N.E.2d 429 (1973); *J. Brodie & Son, Inc. v. George A. Fuller Co.,* 16 Mich.App. 137, 167 N.W.2d 886 (1969); *Balfour, Guthrie & Co. v. Commercial Metals Co.,* 93 Wash.2d 199, 607 P.2d 856 (1980); *contra, Litton Bionetics, Inc. v. Glen Construction Co.,* 292 Md. 34, 437 A.2d 208 (1981); *Grover-Dimond Associates v. American Arbitration Ass'n,* 297 Minn. 324, 211 N.W.2d 787 (1973); *Exber, Inc. v. Sletten Construction Co.,* 92 Nev. 721, 558 P.2d 517 (1976); *County of Sullivan v. Edward L. Nezelek, Inc.,* 42 N.Y.2d 123, 397 N.Y. S.2d 371, 366 N.E.2d 72 (1977); *see generally,* Annot. 64 A.L.R.3d 528 (1975).

Furthermore, there is no specific statutory authorization in New Mexico for consoli-dated arbitration although the two disputes may be founded upon the same set of facts and circumstances. While the district court may have thought consolidation proper in the interest of judicial economy, *see* NMSA 1978, Civ.P.Rules 20(a) and 42(a) (Repl.Pamp.1980), under the Act the court had power to compel only two separate arbitration proceedings according to the terms of the two contracts. While Section 44-7-17 gives New Mexico courts jurisdiction to enforce contracts to arbitrate, no express provision in the Act confers on courts the power to consolidate.

■ It is solely within the province of the Legislature to provide for consolidated arbitration of disputes between non-contracting parties in such circumstances as it may deem proper. Only upon enactment of a statute providing for consolidation of separate arbitration proceedings among multiple parties may a court order consolidation without a specific agreement of the parties to this effect. *Compare, Conejo Valley Unified School District v. William Blurock & Partners, Inc.,* 111 Cal.App.3d 983, 169 Cal.Rptr. 102 (1980) (consolidation ordered pursuant to statute) with *Atlas Plastering, Inc. v. Superior Court,* 72 Cal. App.3d 63, 140 Cal.Rptr. 59 (1977) (consolidation disallowed prior to statutory authorization).

We hold that absent express statutory authorization, the district court had no power to compel consolidated arbitration over the objection of a party.

In light of our disposition of the issues, we need not reach appellant Barber's point that any consolidated arbitration should be limited in scope to the matters raised on Laguna's petition to consolidate.

The district court is reversed and the cause remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

FEDERICI, C.J., and STOWERS, J., concur.